HUGH A. YOUNG, APPELLANT, vs. JUDSON W. WHITNEY, APPELLEE.

1. In a suit by an attorney to recover compensation for professional services, defendant testifies that plaintiff's services "have been of no value, but had been a great harm to him;" but the whole evidence shows that the services had resulted favorably to his client, and there is no proof that any loss or delay had occurred by reason of plaintiff's management of his client's business, and there is no conflict of testimony as to the value of the services, the defendant's testimony cannot prevail against the proof of such value.

2. In foreclosing a mortgage, a *cestui que trust* is not a necessary party defendant, where the mortgagor holds the legal title under a secret trust, as the trustee represents the *cestui que trust*.

Appeal from the Circuit Court for Duval county.

This is an action of assumpsit. The entire claim of the appellee sued for was a balance of $274.55, due on an account of $339.55. The charges for professional services were: For foreclosing mortgage of Young vs. Kendrick, $132.70 ; for services in examining titles, &c., in purchase of land from Epping & Russel, $25 ; and services in ejectment suit, $75 ; and in chancery suit of Patrick vs. Young & Bowden, $50 ; and for services in suit pending against injunction bondsmen, Conant and Burch, $25. The other charges were for moneys advanced, &c., for costs. The parties to the suit were the only witnesses. The Referee, Mr. F. P. Fleming, found and gave judgment for the appellee's whole claim.

The other facts are stated in the opinion.

*Alva A. Knight* for Appellant.

*LeRoy D. Ball* and *White & Henderson* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

Whitney sued Young for services as solicitor and attorney in foreclosing a mortgage, conducting an ejectment suit,

and charges for services and expenses in other matters. Defendant pleaded that he was never indebted as alleged.

The cause was tried before a referee, who found for plaintiff the amount claimed, and judgment was entered thereon, from which defendant appealed.

The evidence of both parties at the trial proved that the services mentioned in the declaration had been rendered by plaintiff as an attorney-at-law, and the plaintiff's evidence shows *prima facie* that the charges were just. The defendant testifies that the mortgage foreclosed by plaintiff for defendant was executed by a young woman to secure money borrowed for the purpose of paying for the property; that the title was conveyed to her at the instance of her father, who also negotiated the loan which she secured by her note and mortgage to Young; that the plaintiff, Whitney, knew all these facts, and in foreclosing the mortgage did not make the father a party defendant; that a tax certificate or tax deed was obtained by the father and conveyed to a third person; that in the foreclosure suit plaintiff neglected to make these other persons parties defendant, in consequence of all which neglect, appellant, who purchased at the foreclosure sale, was hindered and obstructed by suits and injunctions in obtaining possession of the property, and, in the opinion of appellant, the plaintiff's services in the matter had been of no value, but " on the contrary they have been of great harm to me."

The evidence shows that the plaintiff had, as a lawyer, foreclosed the mortgage and obtained a deed at the sale for defendant; that he procured a writ of assistance to put defendant in possession; was met in this by a bill and injunction in favor of the holder of the tax title; procured a dissolution of the injunction by a cross bill; the other party appealed therefrom, and a suit in ejectment was then prosecuted to judgment in favor of appellant, and a recovery

was had of the possession of the premises and several hundred dollars damages against a responsible person. Evidently the services were of some value.

Viewing this evidence as introduced for the purpose of showing that the plaintiff's services were not worth as much as is claimed for them, we find nothing upon which to base such a conclusion. It does not appear that the father of the mortgagor, even if he had been a *cestui que trust*, (which is not apparent,) was a necessary party defendant in the foreclosure suit, (2 Jones on Mortgages, Sec. 1399;) nor that any delay or hindrance was occasioned in recovering the possession by reason of the omission to make him a party; nor does it appear that the plaintiff knew of any facts by which he could impeach the tax deed in the foreclosure proceedings.

This tax deed seems to have been the basis or cause of the delay of the appellant in obtaining the possession of his property. The records of the proceedings in the several suits mentioned by witnesses are not before us, nor does it appear in any manner that the plaintiff was advised of facts which should have led him to proceed otherwise than he did; nor is there any evidence to show how much less, if anything, he was entitled to recover. The testimony of persons skilled in the practice of law might have been of some value upon this point. The judgment of the defendant, who is evidently not so skilled, certainly throws no light upon the question. There is then no evidence showing that the plaintiff's services were of less value than his testimony proved them to be worth.

The appellee in argument suggests that the testimony on the part of the appellant, tending to show unskillfulness or negligence of the plaintiff in conducting the business of foreclosure of the mortgage, was not admissible under the general issue to defeat a recovery, but such defence must be

specially pleaded.   This question can hardly be considered, however, because no objection was made to the testimony when it was offered, and the whole case was submitted to the referee by the parties without exception reserved.

Upon the pleadings and testimony it does not appear that any error was committed by the referee, and the judgment is affirmed.