## KRUGER v. TAYLOR et al.

No. 1355—5494.

Commission of Appeals of Texas, Section A.
April 23, 1930.

Harris & Martin, of Wichita Falls, for plaintiff in error.

Bonner, Bonner & Fryer and Virgil Childress, all of Wichita Falls, for defendants in error.

HARVEY, P. J.

This suit was brought in the district court of Wichita county, by the defendants in error against the plaintiff in error, Sam Kruger, to recover on two promissory notes and to foreclose a mortgage lien on certain city lots in Wichita Falls. The trial court rendered judgment against Kruger for the amount due on the notes, with foreclosure of the mortgage lien on Kruger's undivided half interest in the city lots. The Court of Civil Appeals affirmed that judgment.

The notes sued on were executed to the defendants in error by Sam Kruger and Harry Jaffe, and are joint and several obligations of the makers. To secure payment of the notes, Kruger and Jaffe executed a mortgage on the city lots in question. The lots were jointly owner by Kruger and Jaffe; each owning an undivided one-half interest therein. Jaffe died afterwards. He left a written will which was duly probated. By the will, I. A. Fine was appointed independent executor, and he had qualified and was acting as such when this suit was filed and when it was tried in the court below. Kruger, in due season, presented his plea setting up the nonjoinder of Fine, as a party to the suit, in his capacity of independent executor, and requested that he be made a party. The plea was overruled and the request was denied. Thereupon the case proceeded to trial before the court, without a jury, and judgment was rendered as stated above. The plaintiff in error, Kruger, complains of the action of the trial court in overruling his plea of nonjoinder of parties, and in refusing to require that Fine, as independent executor, be made party to the suit.

Where tenants in common give a joint mortgage on the common property, the lien attaches to the moieties of the mortgagors in the property, as an entirety. As a general rule, the holder of any one of these constituent moieties is entitled, in a foreclosure suit brought against him alone, to demand that the other moiety holders be brought in as parties to the suit. The rule, as well as an exception thereto, is definitely recognized in Martin v. Harrison, 2 Tex. 456. The reason for the rule is obvious. The sale of an undivided interest or moiety does not ordinarily bring as good a proportionate price as a sale of the entirety. By executing the mortgage, neither of the mortgagors assumes the risk of loss in this respect, and the mortgagee has no right, over timely objection made, to impose this risk on either of them.

There are cases, however, in which, under stress of legal necessity, the rule is not applied. For instance, no joint mortgagor will be permitted to resist a separate foreclosure of the joint mortgage, as against his moiety in the common property, if the other joint mortgagor be dead, and his estate is being administered under the direction of the probate court. Martin v. Harrison, supra; Wiley v. Pinson, 23 Tex. 486. In such a case, original jurisdiction to enforce the rights of the mortgagee, as against the interest belonging to said estate, lies exclusively in the probate court. The contingency of death of a joint mortgagor, and a resulting necessity for separate foreclosure, as to the undivided interest of the remaining joint mortgagor, will be treated as having been contemplated by the parties when the mortgage was given. But the necessity for separate foreclosure does not exist, where, as in the instant case, the estate of the deceased joint mortgagor is being administered independently of the probate court. For, in such a case, the independent executor, as representative of the estate, may be brought into a foreclosure suit in the district court, along with the living joint mortgagor, and the rights of all parties, in respect of the mortgaged property, adjudicated and enforced. Howard v. Johnson, 69 Tex. 655, 7 S. W. 522.

The trial court erred in overruling the plaintiff in error's plea of nonjoinder of parties.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be reversed, and that the cause be remanded.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.