$1,450, the decrease in market value of the lease, be affirmed.

The court, being unable to approve the recommendation, withdrew the case from section B and transferred same to section A. Judge Harvey, of section A, prepared an opinion, and recommended that the judgments of the district court and of the Court of Civil Appeals both be reversed and judgment rendered for plaintiff in error, Gwynn. This recommendation was approved by the Supreme Court on March 13, 1929, and said opinion was published in 14 S.W.(2d) 265.

The court, not being fully satisfied with the reasons given in Judge Harvey's opinion, granted Mrs. Belle Wisdom's motion for a rehearing, vacated all previous orders, and set the case down for hearing before the court.

In support of his recommendation, Judge Harvey said: "In ascertaining the loss suffered by the lessor, Mrs. Wisdom, as a result of the breach, resort must be had to the purposes intended to be accomplished by the drilling of the well, and the user rights of the respective parties in the well when drilled. The terms of the lease disclose that the only purposes for which the well was to be drilled were to search for and produce oil and gas. No use of the well was contemplated other than the use of same by the lessee, for the common benefit of the parties to the lease, as a means of searching for oil and gas, and producing those minerals if found. The benefits which the parties contemplated would accrue to the lessor from the drilling of the well did not include proprietorship of the well, either as a dry hole or as a producing well, but included only such benefits as would result from the discovery of oil or gas by means of the well. No special liability growing out of the breach of the lessee's obligation to drill the well is alleged or proved in the case. The general liability of the lessee which arose from the breach does not extend beyond compensation for the loss of the benefits last mentioned. And inasmuch as there is no evidence tending to show that oil or gas would have been discovered in paying quantities if the obligation had been performed, no means of estimating such loss is supplied; hence a legal basis for compensatory damages is lacking."

We have concluded that defendant in error cannot recover under her pleadings and proof in this case. The evidence conclusively shows that immediately at the end of the thirty days in which plaintiff in error agreed to begin a well, to wit, on the next day, December 1, 1925, or at most a few days later, the defendant in error in writing denied plaintiff in error the right to go on the land for the purpose of drilling a well.

Plaintiff in error failed to begin the drilling of a well on or before thirty days from the date of the lease. Immediately after the expiration of the thirty days, Mrs. Wisdom notified Gwynn that the lease was terminated, and denied him the right to go on the land for the purpose of drilling a well. Gwynn breached his contract by not beginning the well within the time specified. But he was released from the obligation to drill a well thereafter by the act of Mrs. Wisdom in denying him the right to go on the land for that purpose. The damages suffered by Mrs. Wisdom, under the facts of this case, were such special damages, if any, as she may have suffered by reason of, or on account of, Gwynn's delay in beginning to drill as he had contracted. Since she pleaded no special damages as may have been caused by the delay, she has not shown herself entitled to recover herein.

For the reasons stated, the judgments of the district court and of the Court of Civil Appeals are both reversed, and judgment is rendered for plaintiff in error.

## KRUGER v. TAYLOR et al.

Motion No. 9134; No. 1355—5494.

Commission of Appeals of Texas, Section A.
June 25, 1930.

For former opinion, see 27 S.W.(2d) 130.

Harris & Martin, of Wichita Falls, for plaintiff in error.

Bonner, Bonner & Fryer and Virgil Childress, all of Wichita Falls, for defendants in error.

HARVEY, P. J.

On the recommendation of this section of the commission, judgment has been heretofore entered by the Supreme Court, reversing the judgment of the trial court, and that of the Court of Civil Appeals. 27 S.W.(2d) 130. The only error upon which the judgment of reversal is based relates to the foreclosure, which was sought by the defendants in error, of an alleged mortgage lien securing the note sued on. The defendants in error have filed a motion for rehearing in which they do not complain of our holding in the case, but in which is contained a remittitur of the said mortgage lien. This remittitur of the lien purges the case of error. We therefore recommend that the judgment of reversal be set aside, and that judgment be here rendered in favor of the defendants in error for the amount due on the note. We further

recommend that all costs incurred in the Court of Civil Appeals and in this court be taxed against the defendants in error; and that all costs incurred in the trial court be taxed against the plaintiff in error.

## On Rehearing.

CURETON, C. J.

Previous judgment set aside, and the judgments of the District Court and Court of Civil Appeals are reformed, and as reformed are affirmed, as recommended by the Commission of Appeals.

For former opinion, see 27 S.W.(2d) 142.