136 So.2d 248 (1962)
William L. HUNTLEY, Appellant,
v.
George J. BAYA, Appellee.
No. 60-558.
District Court of Appeal of Florida. Third District.
January 8, 1962.
*249 Robert C. Lane, Curtiss B. Hamilton and Claude Pepper, Miami, for appellant.
Anderson & Nadeau, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., HORTON, J., and CHRISTIE, FRANCIS J., Associate Judge.
CHRISTIE, FRANCIS J., Associate Judge.
Appellant, William L. Huntley, was sued by George J. Baya, appellee, for attorney's fees for legal services rendered to appellant. A jury awarded appellee damages in the amount of $5,190.64, with interest thereon from July 23, 1951, in the sum of $2,780.98, or a total sum of $7,971.62.
Factually, in 1950, the appellant, Huntley, became interested in the possibility of establishing a dog track in Havana, Cuba. He contacted the appellee, Baya, an attorney at law, concerning the establishment of said dog track. Appellee thereafter made several trips to Havana in furtherance of said plan and evidently performed other services of a legal nature.
Subsequent to the above trips and other legal services rendered by appellee a Cuban corporation was formed known as Havana Greyhound Kennel Club, S.A., in accordance with Cuban law by Cuban lawyers and not the appellee. Said corporation began operation. Thereafter appellee sent a statement of account to appellant dated July 23, 1951, requesting a fee of $5,000.00 plus $190.64 expenses.
The attorney's fee and expenses not being paid, Baya, on May 10, 1952, wrote to Mr. Jerry Collins, president of Havana Greyhound Kennel Club, S.A., acknowledging Mr. Collins' statement of the previous week, that he, Collins, "would, during this week, make a substantial payment upon my memorandum of account dated July 23, 1951 for services rendered to you, W.L. Huntley, Sr., and the Havana Greyhound Kennel Club, S.A. You further stated that you and the Havana Greyhound Kennel *250 Club, S.A. would pay the entire amount of my memorandum of account very shortly after the first payment was made. After such conference, I conducted an investigation, and ascertained that several months ago, you and the Havana Greyhound Kennel Club, S.A. assumed and agreed to pay my above mentioned memorandum of account. Your agreement made at the conference above mentioned confirms such information."
With no payment forthcoming, Baya then wrote to the Cuban attorney for the Havana Greyhound Kennel Club, S.A., one Dr. Nestor G. Mendoza, on August 4, 1952, stating, inter alia:
"In accordance with our conference held last Friday in your office, I am writing to ask that you be good enough to collect for me my bill of $5,190.64 for services rendered to Mr. W.L. Huntley, Mr. Jerry Collins and the Havana Greyhound Kennel Club, S.A. While I fully agree with your thoughts that my fee of $5,000.00 is very nominal, I can not agree with your thought that the Havana Greyhound Kennel Club is not liable for the payment of my memorandum of account for services rendered including expenses advanced by me.
"As I stated to you, a conference was held in the first week of May of this year in the office of Mr. Huntley. Mr. Jerry Collins was present. At that time, Mr. Collins was President of the corporation and agreed to pay my account in full in a very short time after such conference. I take the position that the Corporation through its President recognized this obligation and by reason thereof, also became liable for the payment therefor. In addition thereto, Messrs. Huntley and Collins are liable for the payment of the bill. Frankly, I do not care who pays it, but I think I have waited long enough and my patience is exhausted."
Thereafter, on October 15, 1952, and on October 20, 1952, the appellant wrote appellee two long letters denying any personal liability for attorney's fees and stating that it was a corporate obligation.
On May 8, 1953, appellee filed this suit against appellant, alone, alleging his services to appellant to be reasonably worth $15,000.00.
Huntley's general denial and allegation that Baya rendered his services to and for the corporation formed the issues in November, 1953.
Trial was had before a jury on June 27, 1960, with appellee, Baya, testifying regarding the legal services he rendered between June 2, 1950 and July 23, 1951. Two reputable attorneys testified that in their opinion appellee's services were reasonably worth a minimum of $9,000.00 and a maximum of $15,000.00.
Appellant, Huntley, testified that legal services were performed by the appellee for the Havana Greyhound Kennel Club, S.A., but were not performed for appellant personally. Appellant on cross examination admitted that appellee's services were performed before the formation of the corporation. In substance this constituted the whole of the testimony upon which the jury rendered its verdict.
The appellant assigns as error, inter alia, that the plaintiff below failed to prove the reasonable worth of his legal services as alleged in his complaint.
In this regard the record discloses that two reputable attorneys testified as to the reasonable and fair value of appellee's legal services. The record further discloses that this testimony was not rebutted by testimony of the appellant or a witness for the appellant and the jury's verdict was for substantially less than the testimony justified. It follows that there was sufficient evidence before the jury to justify the jury's verdict and the same should not be *251 disturbed. Clark v. Pope, 29 Fla. 238, 10 So. 586, and Young v. Whitney, 18 Fla. 54.
Appellant contends that the trial court erred in failing to instruct the jury that a stockholder of a corporation is normally not liable for purely corporate obligations.
In respect to this assignment of error the record discloses that the trial court charged the jury regarding a promoter's liability and further discloses that the trial court charged the jury with the following:
"If you believe from the evidence that a corporation to be formed in which the defendant, William L. Huntley, was later to be a stockholder, was the only one liable to plaintiff in this case, for the payment for the legal services claimed to have been rendered by plaintiff, then you should render a verdict for the defendant."
The trial judge committed no error when the above charge was given for said charge fairly and adequately covered the testimony and evidence adduced at the trial. The above charge as given encompassed the testimony and evidence that was before the jury and the jury from said charge, could have believed that the obligation was corporate in nature and not a personal liability or debt owed by the appellant. This the jury failed to do when it rendered its verdict for the appellee. Further strength is given to the jury's verdict under the charge the trial court gave when reflection is had from the cross-examination in the record of the appellant wherein appellant admitted that the services of the appellee were rendered prior to the formation of the corporation.
Consideration is now directed to another point assigned by the appellant as error. The appellant urges that the trial court erred in instructing the jury that if the jury found for the appellee that the jury could assess a reasonable rate of interest from July 23, 1951, said date being the terminal date of the legal services rendered.
It may be stated that as a general rule interest on a claim for legal services is recoverable from the time it becomes due and payable, 52 A.L.R. 197, citing numerous cases. In the case of Blackwell v. Finlay, 233 N.Y. 361, 135 N.E. 600, the plaintiff, an attorney, brought an action to recover the value of services rendered by him to the defendant. The Court of Appeals held that a claim for legal services resting on quantum meruit, in which the exact amount demanded was later recovered, would draw interest from the time when the demand was made on the completion of the services and the debtor was put in default.
In the case of Sullivan et al. v. McMillan et al., 37 Fla. 134, 19 So. 340, the Supreme Court held that the ancient rule which was adverse to the assessment of interest on unliquidated demands was susceptible to the more liberal ideas as to the allowance of interest in the modern, especially American, authorities and in the allowance of interest the distinction is practically obliterated between liquidated and unliquidated demands. Wherever a verdict liquidates a claim, and fixes it as of a prior date, interest should follow from that date. Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192.
The Supreme Court of Florida has long recognized that in actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due. The fact that there is an honest and bona fide dispute as to whether the debt is actually due has no bearing on the question. The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof. Parker v. Brinson Construction Company, Fla., 78 So.2d 873; Sullivan v. McMillan, supra; Everglade Cypress Co. v. Tunnicliffe, supra.
*252 We conclude that the learned trial judge was not in error when he gave the jury the aforesaid charge.
We have carefully considered the remaining points raised by the appellant and find them to be without merit.
Accordingly the judgment appealed is affirmed.