TILLMAN PEARSON, Judge.
Thelma Quarngesser sued her husband for alimony unconnected with divorce as allowed under § 65.09 Fla.Stat., F.S.A. This section[1] allows the court to grant temporary and permanent alimony where one of the causes for divorce recognized in this State shall exist in favor of the wife, and where she is living apart from her husband.
The chancellor granted permanent alimony in the amount of $1,000 per month and he directed the defendant, now appellant, to forthwith pay the sum of $5,000 to the plaintiff as the balance due to her as arrearage on temporary alimony. In addition, the chancellor directed the payment of the sum of $8,500 as attorney’s fees to the attorneys for the plaintiff for their services in the suit.
The defendant, husband, has appealed and urges (1) that the wife failed to establish a cause of action for divorce as required by the statute; (2) that the attorney’s fees are excessive; and (3) that the chancellor erred in finding that the husband was in arrears for temporary alimony. We affirm and will discuss the points raised as above set out.
*877 It would serve no useful purpose to set forth the sordid facts which the chancellor found from the testimony of the parties and their witnesses. The wife established grounds for divorce under § 65.04(4) Fla.Stat., F.S.A., which is “extreme cruelty by defendant to complainant.” The record reveals that the appellant frequently embraced and fondled another woman in the presence of his wife and that when his wife remonstrated, he told her she could get out if she did not like it. Appellant urges that because nothing more than a constant nervous tension was shown to have resulted from this condition of life imposed on the plaintiff, she cannot claim the actions of the appellant amounted to extreme cruelty under the statute. We find that under the conditions of this case, these facts are sufficient to establish extreme cruelty under the law of the State of Florida. Cf., McFarland v. McFarland, Fla.App.1961, 131 So.2d 749.
Appellant’s second point challenges the reasonableness of the attorney’s fees allowed under the statute. The appel-lee presented a witness whose testimony supports the amount of the fee. The appellant failed to present any evidence on the issue. He does not now contest the power of the court to award a fee once grounds for divorce have been established but rather he says that the court had insufficient evidence upon which to proceed. When the appellant has an opportunity to present evidence upon reasonableness of a fee and fails to do so, he is not in a position to question the amount of the fee if there is evidence in the record to support the amount set by the court. Cf., Huntley v. Baya, Fla.App.1962, 136 So.2d 248. Of course, the burden remains upon the party asserting the right to a fee to make a prima facie showing of the reasonableness of the fee under the circumstances of the case. The appellee carried this burden by the testimony of the expert witness. In the present instance we hold that the fee allowed appears to be such that it cannot be said that the record demonstrates an abuse of the chancellor’s discretion. See Smith v. Smith, Fla.App.1963, 151 So.2d 448 and cases therein cited.
Appellant’s last point urges error upon the allowance of temporary alimony. It appears from the record, and appellee agrees, that no order for temporary alimony was entered. There are in the record references to an agreement between the parties under which the appellant husband was to provide the sum of $1,000 per month for his wife’s support pending the action. This informal agreement is in itself insufficient as a basis for the decree assessing arrear-ages in temporary alimony. We must, therefore, hold that the allowance of $5,000 to the plaintiff as the balance due to her as arrearages in temporary alimony was improperly included in this final decree. The general rule is that a chancery court cannot in an action under § 65.09 Fla.Stat., F.S.A., adjudicate property rights , of persons whose marriage relationship has not been dissolved. Smith v. Smith, Fla.1964, 160 So.2d 697, 698. An allowance of alimony in a lump sum may be made only in a decree of divorce. Bredin v. Bredin, Fla.1956, 89 So.2d 353, 61 A.L.R.2d 942. If the appellee has an action in contract against the appellant upon an agreement between them, independent of and not made an order of the court then it will be necessary for her to pursue her remedy, if any, in an appropriate- action separate and apart from this action for alimony unconnected with divorce.
Accordingly, the final decree entered herein is modified by striking therefrom paragraph numbered “2” thereof which reads as follows:
“The Defendant forthwith pay the sum of $5,000.00 to the Plaintiff as the balance due to her as arrearages in temporary alimony.”
The decree as modified is affirmed.

. Section 65.09 Fla.Stat., F.S.A., provides :
“Alimony unconnected -with divorce. — If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, ■and she be living apart from her husband, she may obtain alimony without ¡seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife.”