HENDRY, Judge.
The appellant-defendant seeks review of a final decree entered by the trial court determining the computation of a management fee under a 99-year management contract.
In addition, the decree appealed awarded the twelve plaintiff-appellee corporations a money judgment of $18,832.83, plus interest from the date of the final decree, representing the amount of money which the appellant paid to itself under an improper formula for the management fee during 1969 and part of 1970.
The appellant contends that the trial court erred by failing to give effect to the unambiguous language of the contract between the parties in this case. Further, it is urged that the decree gave effect to an oral modification of the contract, unsupported by consideration and in violation of the parol evidence rule and the statute of frauds. Lastly, the appellant argues that its acceptance from the appellees of a lesser payment of the management fee for a three-year period did not constitute a modification of the written contract with respect to future payments.
The appellees take the position that the management contract at issue in this case is not clear and unambiguous; therefore, the trial court correctly applied a rule of practical construction placed on the agreement by the parties themselves. In substance, appellees maintain that the trial court did not modify the contract, but simply construed it in light of the actions taken by the parties.
*470 The transcript reveals conflicting testimony, particularly with regard to the parties’ understanding of the management fee formula, however the trial judge resolved these questions by entering the following findings:
“(1) That the (sic) each of the twelve Plaintiff corporations, respectively, on the one hand, and the Defendant Corporation, on the other, entered into identical so-called ‘management contracts’ on various dates in the years 1964 and 1965 whereunder it was agreed that the Defendant corporation would manage all aspects of operation and maintenance of the involved cooperative apartment complex in return for a management fee and other consideration to be paid by the twelve corporations.
“(2) That thereafter a dispute arose as to the computation of the management fee to be paid by the respective twelve Plaintiff corporations to the Defendant corporation and that on December 20, 1965, a meeting was held by and between the presidents and vice-presidents of the twelve Plaintiff corporations, on the one hand, the president and other representatives of the Defendant corporation, on the other, and that at such meeting it was agreed that the amount of the management fee would be six (6) percent of the costs and expenses of the operation of the involved cooperative apartment complex, but that the monies collected for payment of mortgage principal and interest on the involved premises, and for payment of the land lease on the involved premises, and for payment of the management fee itself would be excluded in the computation of the management fee and would not be included therein.
“(3) That the amount of the involved management fee was in fact computed on the basis above-described by the Defendant corporation for the calendar years 1966, 1967, and 1968, but that in the year 1969 the Defendant corporation unilaterally changed the method of computing the management fee from the above-described arrangement to a six (6) percent charge on all costs and expenses involved in the operation of the complex including the above-enumerated items which had previously been excluded from being subject to the management fee and that, accordingly, in the year 1969, and during a portion of the year 1970, the Defendant corporation paid itself from the funds being handled in behalf of the twelve Plaintiff corporations a management fee that was $18,832.83 in excess of the amount of the management fee that should have been charged under the arrangement agreed upon on December 20, 1965, and followed during the years 1966, 1967 and 1968.
“(4) That commencing in the year 1970 and continuing until the time of the final hearing, the Defendant corporation did not actually pay itself from the funds being handled in behalf of the twelve Plaintiff corporations for its management the additional aforede-scribed monies above those provided by the December 20, 1965, agreement but that the Defendant corporation, during the said period commencing with the calendar year 1970 through the date of the final hearing herein, did cause an entry to be made in its books reflecting that the twelve Plaintiff corporations owed the Defendant an amount of money equal to the difference between the management fee as agreed to on December 20, 1965, and the management fee as computed by the Defendant corporation subsequent to 1968.
“(5) That both the twelve Plaintiff corporations, on the one hand, and the Defendant corporation, on the other, pleaded in this cause that they were in doubt as to their rights under the involved respective management contracts, and that there is a bona fide, actual, present and practical need for such declaration.
“(6) That the Court by order dated January 5, 1973, issued its Temporary Injunction Order prohibiting the De *471 fendant corporation from paying any monies from the funds being handled in behalf of the twelve corporations as attorneys’ fees to the law firm of SPIE-LER AND TENDRICH and prohibiting the Defendant corporation from paying any monies from the funds being handled in behalf of the twelve Plaintiff corporations to any attorney representing the Defendant corporation during the pendency of the present litigation.”
Thereupon, the court ruled that the fee formula agreed to on December 20, 1965 would be the sole basis for computing the fee until the expiration date of the contract on August 30, 2064, and that all bookkeeping entries made by the defendant in excess of the agreed formula are null and void.
In addition, the court awarded the money judgment previously mentioned and absolved the appellees from any obligation to pay for attorney’s fees to any attorney representing the appellant in the instant cause or in the future in any litigation between the parties.
The documents contained in the record on appeal which govern the legal rights and obligations of the parties consist of the following: an indenture of lease, including a 99-year land lease on the property beneath the buildings of the complex; the management contract; articles of incorporation and by-laws pertaining to the activities of each appellee corporation; a proprietary lease and occupancy agreement entered into between each appellee corporation and its individual tenant-stockholders ; and, a license agreement involving the recreational areas of the complex.
Taken together, these documents are voluminous and complex. Appellant suggests that sub-paragraph 5(d) contained in the management contracts gives it the right to charge a reasonable management fee, to be determined by the appellant, not exceeding six (6) per cent of all of the funds handled by the appellant on behalf of the ap-pellees.
Further, appellant states that it agreed to charge a lesser fee for the three years 1966, 1967 and 1968 only because it was a “transition” period at the apartment complex and tenants who were moving in were faced with certain extra expenses.
On the other hand, appellees contend that at the December 20, 1965 meeting it was definitely agreed that the six per cent management fee formula excluded all monies collected by the appellant for payment of the mortgage principal and interest, the land lease and the management fee itself.
After reviewing the pertinent provisions of the management contract, it is our conclusion that no reversible error has been demonstrated by the appellant.
There is ambiguity in the contract regarding the precise fund which properly should be employed in computing the six per cent management fee, and the court was correct in applying a rule of practical construction. Mileage Realty Co. v. Miami Parking Garage, Inc., Fla.App.1962, 146 So.2d 403; Fletcher v. Laguna Vista Corporation, Fla.App.1973, 275 So.2d 579; Spindler v. Kushner, Fla.App.1973, 284 So.2d 481.
The appellees also have taken a cross appeal raising four separate points on appeal. Two of these points are concerned with the trial judge’s alleged failure to rule on two material portions of the appellees’ second amended complaint. In our view, it is unnecessary to consider either point now, since the appellees could raise these issues in the trial court at a later time.
Appellees’ third point on cross-appeal cites as error the trial court’s award of interest on the money judgment from the date of the final decree rather than from the time the cause of action accrued. Appellant concedes that this point is well-taken. In an action for breach of contract, the interest on the judgment generally accrues from the time of the breach where the amount of liability is fixed by the contract. Huntley v. Baya, Fla.App. 1962, 136 *472 So.2d 248; Carol Management Co. v. Baring Industries, Fla.App. 1972, 257'So.2d 270. Therefore, that portion of the final judgment awarding interest from the date of the final decree will be modified, and interest will be awarded from the date on which the appellant commenced to compute the management fee at a higher rate.
We have also considered the appellees’ fourth point on cross-appeal, and find it to be without merit.
Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed as modified.
Affirmed as modified.