TILLMAN PEARSON, (Retired), Associate Judge.
The controlling question presented on this appeal is: May a mortgage foreclosure be maintained against one of two debtors who is a tenant in common with another without joining the second co-tenant who is also a co-obligor on the mortgage? We hold the co-tenants as co-obligors on the mortgage are indispensable parties and that it was prejudicial error to deny appellant/defendant’s motion to dismiss on the ground of failure to join his co-tenant, co-obligor.
George and his wife, Clara Lambert, jointly executed a promissory note which was secured by a second mortgage on their jointly-held marital home. George and Clara were divorced and pursuant to the divorce decree, Clara was given the right to occupy the home with the children. The decree also required Clara to make payments on the first mortgage while it required George to make payments on the second mortgage. George experienced financial difficulties and the second mortgage came into default. He spoke with a bank officer of the bank that was the owner and holder of the second mortgage and was assured by the bank officer that he (the bank officer) would work with him insofar as his authority would permit. Thereafter Clara married Theodore A. Dracos. Because the bank was threatening foreclosure and in order to protect Clara’s interest in *482 the property, Mr. Dracos purchased the second mortgage from the bank by paying the balance due and taking an assignment of the note and mortgage. Dracos then brought the present mortgage foreclosure action. He named as defendants only George Lambert and one Bill A. Corbin. The complaint alleged that Mr. Corbin claimed some interest in the property and that his claim was subject to the second mortgage.
The defendants moved to dismiss the complaint on the grounds that plaintiff had failed to join an indispensable party, that is, Clara Lambert Dracos. The motion was denied. The cause came to issue upon defendant George Lambert’s answer, which raised numerous affirmative defenses. After trial, George Lambert’s interest in the mortgage property was sold at a judicial sale to Mr. Dracos for $100.00.
On this appeal, George Lambert and Bill A. Corbin present three points on appeal, only one of which we find has merit. First, George Lambert urges that the court committed error when it found that his affirmative defense of estoppel to declare an acceleration of the entire amount due was not proved. Our examination of the record convinces us that defendant, George Lambert, failed to prove an understanding or agreement with the bank, as owner and holder of the mortgage prior to assignment, not to accelerate or foreclose without further notice to him. The defense of estoppel to foreclose a mortgage requires a clear showing of action by the mortgagee which misleads the mortgagor so that he acts in a way that he would not have acted if he had known that the mortgagee would require performance under the strict terms of the mortgage agreement. See Flagler Center Building Loan Corp. v. Chemical Realty Corp., 363 So.2d. 344 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 467 (Fla.1979). The record shows no such action by the bank. The argument that the foreclosure was an unequitable scheme to defraud George Lambert fails for a similar reason. It was George Lambert’s responsibility to make the mortgage payments and upon his failure, the purchase and foreclosure of the mortgage was a reasonable business practice by Mr. Dracos. Lambert’s second point claiming procedural irregularities in the foreclosure sale is also without merit. However, we find merit to appellants’ argument that the motion to dismiss for failure to join an indispensable party, i. e., Clara Lambert Dracos, should have been granted.
There is extensive authority in this state for the proposition that the owner of mortgaged property is an indispensable party to an action to foreclose a mortgage on that property. E. g., Berlack v. Halle, et ux., 22 Fla. 236 (1886); Oakland Properties Corp. v. Hogan, 96 Fla. 40, 117 So. 846 (1928); Davanzo v. Resolute Ins. Co., 346 So.2d 1227 (Fla. 3d DCA 1977). However, this authority is not so immutable when the holding in each case is examined.
Berlack v. Halle, supra, was an appeal of a final judgment in ejectment. The court stated that the owner of legal title is a necessary party to a suit for foreclosure of a mortgage. But the holding is that because of the defective foreclosure, the rights of the owner of the legal title and his assigns are unaffected. Because the appeal was not from a final decree of foreclosure, the court did not rule upon the effect on the rights of defendants who were made parties to the foreclosure.
Oakland Properties Corp. v. Hogan, supra, was an appeal from an order dismissing a complaint to reform a deed. The court stated that one who holds the legal title to mortgaged property is not only necessary, but is an indispensable party defendant in a suit to foreclose a mortgage. But the holding was that the foreclosure decree was void only as to that portion of the land owned by Oakland Properties Corporation which was not made a party to the foreclosure action.
In Davanzo v. Resolute Ins. Co., supra, the legal title holder appealed a final judgment of foreclosure of four of six mortgages on a certain property. The court stated:
One who holds legal title to mortgaged property is an indispensable party de *483 fendant in a suit to foreclose a mortgage and a court cannot properly adjudicate the matters involved in this suit when it appears indispensable parties are not in some way actively or constructively before the court.
The court held that the owner of the legal title was made a defendant under the pleadings in all except one of the mortgages foreclosed. The judgment was reversed as to the one mortgage only.
None of these cases reach the question here presented of the right to maintain a foreclosure action in which one of two joint owners, who is a co-obligor on the mortgage, is not made a party to the action.
An annotation entitled “Right Under Mortgage by Co-Owners of Undivided Interest to Foreclose as Against Less Than All of Such Interests” appears at 82 A.L.R. 1347 (1933). The annotated case is Kruger v. Taylor, 27 S.W.2d 130 (Tex.Com.App.1930), modified 30 S.W.2d 300 (1930). There, Kruger and Jaffe had executed two promissory notes for which they were jointly and severally liable. To secure payment of the notes, Kruger and Jaffe executed a mortgage on lots which were jointly owned by them, each owning an undivided one-half interest. Subsequently, Jaffe died. Taylor brought suit to recover on the notes and to foreclose the mortgage lien against Kruger solely, without joining Jaffe’s executor. Kruger set up the non-joinder as a defense to the suit. His defense was overruled and the judgment was subsequently entered against Kruger for the amount due on the notes with foreclosure of the mortgage lien on Kruger’s undivided half interest in the lots. The court stated the rule as follows:
Where tenants in common give a joint mortgage on the common property, the lien attaches to the moieties of the mortgagors in the property, as an entirety. As a general rule, the holder of any one of these constituent moieties is entitled, in a foreclosure suit brought against him alone, to demand that the other moiety holders be brought in as parties to the suit .... The reason for the rule is obvious. The sale of an undivided interest or moiety does not ordinarily bring as good a proportionate price as the sale of the entirety. By executing the mortgage, neither of the mortgagors assumes the risk of loss in this respect, and the mortgagee has no right, over timely objection made, to impose this risk on either of them.
In 1 Wiltsie, Mortgage Foreclosure, § 336 (5th Ed. 1939), it is noted:
Where tenants in common jointly, or jointly and severally, mortgage property, a foreclosure cannot be maintained against one of them separately to collect a moiety of the debt; the action must be against both and those claiming under them. Neither can either of them compel the mortgagee to receive half of the debt, and thereby relieve him, and to proceed against his co-tenant for the collection of the other half. The interest of tenants in common in such cases must always be sold together, no matter how numerous the owners may be.
See also 3 Jones, Law of Mortgages, § 1797 (8th Ed. 1928), which further states:
Therefore, in case the mortgage was made by tenants in common, he is entitled to a foreclosure of the whole estate, and cannot be compelled to receive the share of the debt due from one of them and foreclose against the other for his share. Such would also be the case when two estates have been mortgaged, together, and the equities have subsequently passed into different hands. Neither would he be allowed to foreclose against the owner of one estate, without making the owner of the other a party also, unless there were special equities in favor of the estate exempted.
Both of the above-quoted authors cite Frost v. Frost, 8 Sand. Ch. 188 (N.Y.1846). In that case, tenants in common executed a joint mortgage and one of them sought to compel the mortgagee to receive one-half of the debt and to compel the mortgagee to proceed against the other tenant’s undivided interest for the other half. The court held that the action did not lie and, in so holding, reasoned that by joining in the *484 mortgage the co-tenants intended to have a sale of the whole estate. It was also pointed out that the property would not sell as well in undivided moieties as the whole would together.
The Supreme Court of Florida cited Frost v. Frost, supra, in Walker v. Sarven, 41 Fla. 210, 25 So. 885 (Fla.1899). In Walker, the court reversed a decree of foreclosure which directed that the undivided one-half interest of one joint owner, who was a joint obligor on the mortgage, be sold first and then, if there was a deficiency, that the undivided interest of the remaining joint owner would be sold. In reversing, the court held:
In proceedings to foreclose this prior encumbrance upon the joint estate neither co-tenant was entitled to have the decree charge the other’s interest with the entire debt, nor could either insist that the decree charge the interest of each with one-half, or any other particular part, of the debt, for the simple reason that the whole estate was equally liable, . . .
We hold that the same reasoning applies to the case now before us and that, therefore, it was improper to allow a foreclosure against appellant’s interest alone. The complaint should have been dismissed for failure to join the indispensable party, i. e., the legal owner of the remaining interest of the estate foreclosed. Such a decision comports with the rights of an owner to have notice and an opportunity to defend in an action which affects the title to the property.
The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
REVERSED AND REMANDED.
BOOTH and JOANOS, JJ., concur.