426 So.2d 1213 (1983)
Jeannie FARKAS, Appellant,
v.
Richard FARKAS, Appellee.
No. 82-417.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
*1214 Don Lacy and Earle Lee Butler of Butler & Pettit, P.A., Fort Lauderdale, for appellant.
Hans C. Feige, Coral Springs, for appellee.
HERSEY, Judge.
On November 27, 1979, in contemplation of a dissolution of marriage, the parties entered into a property settlement agreement. Subsequently, in January, 1980, a final judgment was entered dissolving the marriage and ratifying and incorporating the property settlement agreement. The provisions of that agreement material to this appeal are:
Furthermore, notwithstanding the incorporation of this Agreement in any Judgment in the suit for Dissolution of Marriage now pending between the parties, or in any future suit for Dissolution of Marriage brought by either party hereto this Agreement shall not be merged in such Judgment but shall survive the same and be binding on the parties for all time.
ALIMONY: The Wife hereby irrevocably waives any and all alimony from the Husband.
VI
CHILD SUPPORT: The Husband recognizes his obligation to the minor child of the parties for his support and in satisfaction of same, agrees to pay to the Wife *1215 the sum of Twenty Dollars ($20.00) per week. Said child support of Twenty Dollars ($20.00) per week shall commence upon execution of this Agreement, and continuing thereafter each and every week until the happening of one of the following events, whichever event first occurs:
a. The child dies.
b. The child reaches the age of eighteen (18).
c. The child becomes self-supporting, and/or
d. The child marries.
e. The child no longer lives with the Wife and is not attending school.
It is further agreed that the Wife shall have exclusive right to occupy the property from and after the date of this Agreement until such time as the Husband's obligation for child support terminates pursuant to Paragraph VI of this Agreement.
The only real property mentioned in the agreement is the marital residence.
Appellant wife remarried subsequent to the dissolution and continued living in the marital home with the minor child and her new husband. However, none of the conditions set forth in Article VI occurred.
On June 9, 1981, appellee husband filed a Motion for Enforcement and Clarification of Rights Under Final Judgment of Dissolution and Property Settlement Agreement, alleging that because the wife had remarried her right to exclusive occupancy should terminate.
The issue went to hearing before a general master who determined that, as a matter of law, husband was entitled to partition of the former marital domicile upon the remarriage of the wife. The general master's report was adopted and ratified by the trial court.
The issue we are asked to determine is whether the trial court erred in modifying the provision of the property settlement agreement which granted the wife exclusive use and occupancy of the marital home to create an exception when the former wife remarried.
[A] spouses right, as custodian of the children of the dissolved marriage, to exclusive possession of a marital home granted by a dissolution decree terminates upon that spouse's remarriage.
Lambert v. Lambert, 403 So.2d 484, 486 (Fla. 1st DCA 1981). (Emphasis supplied.)
In the present case, exclusive possession of the marital residence was granted not by the judgment of dissolution but by a property settlement agreement between the parties which was incorporated into the final judgment. We therefore immediately distinguish the rationale in cases like Briner v. Briner, 425 So.2d 211 (Fla. 4th DCA 1983) where no contractual rights are involved. "Generally, where a property settlement agreement has been executed prior to a dissolution of marriage, purporting to resolve the property rights of the parties," its provisions are to be interpreted in the same manner as any other contract. Sosnowitz v. Sosnowitz, 342 So.2d 524, 525 (Fla. 3d DCA 1977). Therefore, where the terms of the agreement are unambiguous, the meaning and intention of the parties is to be gleaned from the content of the instrument itself. Sosnowitz v. Sosnowitz.
Property settlement agreements that relate to alimony or to the adjustment of the property rights of the parties should be upheld unless fraud, duress, deceit, coercion or overreaching is alleged and proved. Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981). Where, however, the circumstances or financial ability of either party has changed since execution of an agreement to pay alimony or child support, either party may apply for modification. § 61.14, Fla. Stat. (1981). Thus, the crux of this appeal is whether the agreement pertaining to possession of the marital home involves a property right or is simply an incident of child support.
*1216 We determine that while the provision at issue incidentally constitutes an element of child support, it also confers a property right. It is therefore not subject to modification because the terms of the agreement are clear and unambiguous and the enumerated contingencies that extinguish the right to possession have not occurred.
We therefore reverse and remand for further proceedings consistent with this determination.
REVERSED and REMANDED.
ANSTEAD and WALDEN, JJ., concur.