PER CURIAM.
The point presented in this appeal is whether the trial court erred in failing to modify a property settlement agreement between the parties which was made a part of the final judgment of dissolution of marriage. The agreement, in material part, provided that the husband would pay child support and that the wife and children would have exclusive possession of the marital home owned by the parties as tenants by the entireties, until the youngest child reached age 18 or the wife left the premises on a permanent basis. Upon the occurrence of either contingency, the house would be sold and the proceeds divided between the *985 parties. Appellant moved the trial court for partition on the ground that the appel-lee had remarried. The agreement was silent as to the co remarriage. nti^gency of the wifes
In support of his petition appellant contended that the right to exclusive use and possession of the home by the appellee should be terminated and the property sold because her remarriage constituted a change in circumstances. The trial court rejected this contention and denied partition. We find no error in the trial court’s ruling and therefore affirm.
There could be some merit in appellant’s position if these provisions had resulted from a final judgment of dissolution imposed by the court upon the parties. However, since these provisions were voluntarily entered into by the parties and made a part of the judgment of dissolution, the trial court was correct in ruling that appellant had not shown his entitlement to partition. Farkas v. Farkas, 426 So.2d 1213 (Fla. 4th DCA 1983).
Affirmed.