485 So.2d 1299 (1986)
Robert E. MARKHAM, Appellant,
v.
Cynthia F. MARKHAM, Appellee.
No. 85-23.
District Court of Appeal of Florida, Fifth District.
February 20, 1986.
Rehearing Denied April 1, 1986.
Michael A. Smith, of Park, Smith & Maguire, P.A., Clearwater, for appellant.
S. Sue Robbins and Judith A. deBoisblanc, of Matthies, Cross, deBoisblanc & Haldin, P.A., Ocala, for appellee.
SHARP, Judge.
The former husband appeals from a final judgment of dissolution challenging the lower court's award of attorney's fees, its determination that primary custody of the parties' child should be with the wife, granting her ultimate authority concerning questions of child rearing and child welfare, and awarding the wife the right to exclusive possession of the marital home as an aspect of child support, without any provision for her loss of that right should the former wife remarry. We agree error occurred regarding those aspects of this appeal. We affirm as to the amount of the child support, and alimony awards, and as to the equitable distribution of the parties' marital assets.
Although the evidence was controverted, and would have been sufficient to support an award of the primary physical residence of the twelve-year old daughter to the former husband, the trial court did not abuse its discretion in making this award to the former wife. Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985); Richardson v. Richardson, 442 So.2d 1005 (Fla. 3rd DCA 1983). Both parties were capable and fit parents and there was no finding by the trial court that shared parental responsibility would be detrimental to the child.[1]
*1300 In its final judgment, the trial court provided:
4. The parties shall have shared parental responsibility of the minor child. The primary physical residence of the minor child shall be with the Wife subject to the right and responsibility of the Husband to have frequent and liberal contact with the minor child. The Court holds that the Wife shall have ultimate authority on all questions concerning child rearing and child welfare.
The appellant contends, and we agree, that the blanket giving to one party to whom shared parental responsibility has been granted, all authority to make decisions relating to a child's welfare and rearing, is in violation of the spirit, if not the express language of Florida's new Parental Responsibility law.[2] In defining what is meant by "shared parental responsibility," the law states:
"Shared parental responsibility" means that both parents retain full parental rights and responsibilities with respect to their child and requires both parents to confer so that major decisions affecting the welfare of the child will be determined jointly. In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those aspects between the parties based on the best interests of the child. When it appears to the court to be in the best interests of the child, the court may order or the parties may agree how any such responsibility will be divided. Such areas of responsibility may include primary physical residence, education, medical and dental care, and any other responsibilities which the court finds unique to a particular family and/or in the best interests of the child. (Emphasis added).
§ 61.13(2)(b)2.a., Fla. Stat. (1983). This section contemplates that joint decisions regarding a child shall continue to be made after a dissolution by both parents, without regard to whom the primary physical residence has been given.
Whether or not this can be accomplished, as a practical matter, between the type of hostile and warring parents we often see in such cases is not for us to decide. The Legislature has opted for this course of action as a matter of public policy.[3] The purpose is to prevent there being any "big loser" in child custody cases, if possible. If the parties cannot agree or work together at all, then a finding pursuant to section 61.13(2)(b)2., Florida Statutes (1983) would be appropriate. If specific areas of responsibility would be best decided by one or the other, then that also can be specifically worked out in the final judgment.[4] However, to lump all decision-making authority in one party for all matters, undermines the mandate of the law that decisions be "jointly made," unless there is a finding as required pursuant to section 61.13(2)(b)2., Florida Statutes (1983).[5]
The trial court provided in this case that, as additional child support and alimony the wife would have the sole and exclusive occupancy of the parties' marital residence, and that the husband would be solely responsible for the monthly mortgage payments on the home and contiguous acreage during the minority and dependency of the child. However, the judgment neglected to provide what the outcome of these obligations would be should the wife *1301 remarry before the child attained her majority.
We have held that a spouse's right, as custodian of the minor children, to the exclusive occupancy of a marital residence terminates upon the occupying spouse's remarriage. Anderson v. Anderson, 424 So.2d 943 (Fla. 5th DCA 1983). This avoids imposing the obligation to provide shelter and support for the new spouse of a former spouse. Lambert v. Dracos, 403 So.2d 481 (Fla. 1st DCA 1981). Therefore, upon remand, we direct that the trial court so modify the right of exclusive occupancy in this regard.
The question of whether or not the former husband's obligation to make the mortgage payments should also terminate upon the remarriage of the wife is not clear, and we do not at this time reach that issue. If the payment is deemed child support, it would not be so terminated; and if it is deemed rehabilitative alimony or lump sum alimony, then the former husband's obligations would also not be terminated by the wife's future marriage.[6] On remand, the trial court should clarify the nature and extent of this award.[7]
Finally, we find error was committed with regard to the award of attorney's fees to the wife. The only evidence presented regarding attorney's fees was the former wife's testimony that she had agreed to pay her attorney $75.00 per hour, and she estimated his fees would be $4,000.00 in this case. The attorney representing the wife did not testify nor present evidence as to the number of hours spent on the case, nor was any expert witness called to testify as to the reasonableness of the fee. Cases are legion that expert testimony is required.[8]
Appellee argues that the former husband failed to preserve this point on appeal because he made no objection below to the award, based on the testimony offered. We think Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981) and Atlantic Coast Development Corporation v. Hofco, Inc., 405 So.2d 797 (Fla. 4th DCA 1981) are distinguishable because in those cases, there was testimony from an expert witness as to the value of the legal services rendered. What was missing there was testimony from the attorney who rendered the legal services. Here both were missing. Accordingly, we quash the attorney's fee award and remand for a further hearing on fees.
Accordingly, the judgment in this case is affirmed in part, reversed in part, and remanded. On remand, the trial court shall revise those portions of the final judgment dealing with parental responsibility and exclusive possession of the marital residence, consistent with this opinion. The court may, at its option, take further testimony regarding those aspects of the final judgment, as well as the award of attorney's fees.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
UPCHURCH, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
The obviously intelligent, articulate twelve-year-old seventh grade girl testified *1302 she thought it would be best for legal custody of her to be with her father, but that equal time be spent with both parents. She gave cogent reasons why and added that she preferred that her father have custody of her; that is, primary, physical residency. Because both parents are fit, the trial judge found so, and because a twelve-year-old is capable, especially this one, the transcript reveals, of valued judgment in this regard I think her wishes should have been honored. Epperson v. Epperson, 101 So.2d 367 (Fla. 1958). Primary physical residency should have gone with the father. Florida Statute 61.13(2)(b)(1) (1983) provides:
The court shall determine all matters relating to custody of each minor child of the parties as a part of any proceeding under this chapter in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction Act. It is the public policy of this state to assure each minor child frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and to encourage parents to share the rights and responsibilities of child rearing. Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody without regard to the age of the child.
This statute should have been followed as should the wishes of the child. Eades v. Dorio, 113 So.2d 232 (Fla. 2d DCA 1959).
I would reverse the award of primary physical residency and remand for reconsideration of the other matters attached thereto.
NOTES
[1] Section 61.13(2)(b)2., Fla. Stat. (1983) provides:

The Court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child. If the court determines that shared parental responsibility would be detrimental to the child, the court may order sole parental responsibility.
[2] § 61.13, Fla. Stat. (1983).
[3] Section 61.13(2)(b)1., Florida Statutes (1983) provides:

It is the public policy of this state to assure each minor child frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and to encourage parents to share the rights and responsibilities of child rearing.
[4] § 61.13(2)(b)2.a., Fla. Stat. (1983); see Vazquez v. Vazquez, 443 So.2d 313 (Fla. 4th DCA 1983), review denied, 451 So.2d 851 (Fla. 1984).
[5] See Holland v. Holland, 458 So.2d 81 (Fla. 5th DCA 1984); Nichols v. Nichols, 432 So.2d 648 (Fla. 1st DCA 1983).
[6] See Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983), Kissinger v. Mason, 436 So.2d 1049 (Fla. 1st DCA 1983) and Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980) (rehabilitative alimony does not automatically terminate solely upon the event of receiving spouse's remarriage); contra Blackmon v. Blackmon, 307 So.2d 887 (Fla. 3rd DCA 1974) (remarriage automatically terminates right to receive rehabilitative alimony).
[7] See Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980).
[8] See Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968); Maass v. Christensen, 447 So.2d 1044 (Fla. 4th DCA 1984); Quarngesser v. Quarngesser, 177 So.2d 875 (Fla. 3rd DCA 1965). See also J. Overton's dissent, Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985) (the failure to offer expert proof vitiates the award). Feldman v. Feldman, 390 So.2d 1231 (Fla. 3rd DCA 1980) (remanded with directions that wife be afforded opportunity to present testimony where she initially failed to offer such proof below).