BOOTH, Chief Judge.
This cause is before us on appeal from a final judgment of dissolution. Appellant has raised two issues. We affirm the trial court’s determination that appellee is to be the primary residential parent, but reverse and remand for the trial court to either clarify the areas in which appellee will have ultimate authority or strike the statement which provides that the ultimate responsibility over specific aspects of the children’s welfare shall be with appellee.
Section 61.13(2)(b)2.a., Florida Statutes, states:
“Shared parental responsibility” means that both parents retain full parental rights and responsibilities with respect to their child and requires both parents to confer so that major decisions affecting *730 the welfare of the child will be determined jointly. In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child’s welfare or may divide those aspects between the parties based on the best interests of the child. When it appears to the court to be in the best interests of the child, the court may order or the parties may agree how any such responsibility will be divided. Such areas of responsibility may include primary physical residence, education, medical and dental care, and any other responsibilities which the court finds unique to a particular family and/or in the best interests of the child.
In Markham v. Markham, 485 So.2d 1299, 1300 (Fla. 5th DCA 1986), the court remanded as to that part of the lower court’s order awarding the wife “ultimate authority on all questions concerning child rearing and child welfare,” which was nonspecific and inconsistent with the award of shared parental responsibility, holding:
The appellant contends, and we agree, that the blanket giving to one party to whom shared parental responsibility has been granted, all authority to make decisions relating to a child’s welfare and rearing, is in violation of the spirit, if not the express language of Florida’s new Parental Responsibility law.... This section contemplates that joint decisions regarding a child shall continue to be made after a dissolution by both parents, without regard to whom the primary physical residence has been given.
... If specific areas of responsibility would be best decided by one or the other, then that also can be specifically worked out in the final judgment. However, to lump all decision-making authority in one party for all matters, undermines the mandate of the law that decisions be “jointly made,” unless there is a finding as required pursuant to section 61.13(2)(b)2., Florida Statutes (1983).
In this case, as in Markham, supra, the effect of the order as to custody is to lump all decision-making authority in one parent for all matters, undermining the mandate of the law that decisions be “jointly made” unless there is a finding that shared parental responsibility would be detrimental to the child as required pursuant to Section 61.13(2)(b)2.[1] We agree with Markham, supra, that where the trial court finds a particular area(s) or aspect(s) of responsibility that would best be decided by one or the other parent, the final judgment should so state and should identify the specific area(s). A blanket, nonspecific award of “ultimate responsibility” is contrary to the statutory concept of shared parental responsibility.
Accordingly, we affirm in part, reverse in part, and remand to the trial court to revise that portion of the final judgment dealing with parental responsibility.
MILLS and THOMPSON, JJ., concur.

. In Markham v. Markham, 485 So.2d 1299 (Fla. 5th DCA 1986), the final judgments stated in pertinent part: "The court holds that the wife shall have ultimate authority on all questions concerning child rearing and child welfare." In this case the final judgment stated in pertinent part: "The ultimate responsibility of specific aspects of the children’s welfare ... shall be with the Respondent [Mr. Wheeler]_"