GUNTHER, Judge.
Jerald Raticoff (the husband) appeals a final judgment of dissolution. We agree with the husband’s contention that the trial court committed reversible error when it found that Joan Raticoff (the wife) was entitled to any additional monthly retirement benefits that might accrue over and above the anticipated amounts and beyond the ten-year period stipulated to by the parties in their Property Settlement Agreement.
The pertinent part of the Property Settlement Agreement read into the record at the final hearing on the husband’s petition for dissolution of marriage is as follows:
“June 1st, 1988, wife will receive and the husband will do those things necessary to transfer to the wife all his right, title and interest in his pension plan obtained as a result of his employment with Harry Winston & Company, which shall amount to $18,300 plus per year. It’s $1,527 per month.”
MR. CURTIS: Represented that the first payment of that would be due June 1st, 1988.
MR. MALONEY: And for a period of ten years.
It is admitted by both parties and their respective attorneys that at the time of the stipulation all concerned believed the pension plan benefits were available only for a period of ten years. However, during the preparation of the final judgment, it was discovered that there were additional benefits under the husband’s pension plan not specifically mentioned in the agreement which could accrue after the first ten years.
At the hearing on the wife’s motion to enter judgment, the husband maintained that the wife is entitled to his pension benefits for only a ten-year period commencing June 1, 1988. The wife disagreed and maintained that she is entitled to all the husband’s right, title, and interest in his pension plan including any benefits accruing after the first ten-year period commencing June 1, 1988. The trial court resolved the dispute in the wife’s favor and found that the wife shall receive any monthly pension benefits accruing over and above the anticipated amounts of the settlement.
In the instant case, the terms of the property settlement agreement stipulated into the record became ambiguous only because additional pension benefits were subsequently discovered by the husband. See Farkas v. Farkas, 426 So.2d 1213 (Fla. 4th DCA 1983). Thus, the meaning and intention of the parties cannot be gleaned from the content of the stipulation because the property right in dispute was never contemplated by either party at the time of the settlement.
Therefore, we hold that the trial court erred in entering a final judgment awarding to the wife property rights which were never contemplated by either party at the time of the stipulated property settlement agreement. We reverse and remand to the trial court for an evidentiary hearing to ascertain the value of that portion of the husband’s pension plan that was discovered after the Property Settlement Agreement was stipulated into the record and to then equitably distribute that marital asset.
REVERSED AND REMANDED.
HERSEY, C.J., and LETTS, J., concur.