W. SHARP, Judge.
Nancy Strickland, the former wife, appeals from a post-dissolution order which terminated her exclusive right of possession of the former marital home and which granted partition of the property. The trial court ruled that the wife’s remarriage constituted a change of circumstances that required termination of her exclusive possession as a matter of law, citing Markham v. Markham, 485 So.2d 1299 (Fla. 5th DCA 1986) and Anderson v. Anderson, 424 So.2d 943 (Fla. 5th DCA 1983). We reverse.
The record in this case discloses that the parties were divorced in 1988. They had three children. Two were minors in 1988, and remain so, at the present time.
The parties entered into a settlement agreement; which the trial judge attached and incorporated into the final judgment. It provides, among other things, that Lloyd would pay Nancy $700.00 per month permanent alimony until she died or remarried; $600.00 per month child support until the youngest child turns eighteen (no reduction for when the two eldest turn eighteen); and that Nancy would have sole exclusive use and possession of the marital home until the youngest child turned eighteen, at which time it would be listed for sale and sold. The parties would then split the net proceeds; and Lloyd was to pay half the mortgage, tax, insurance and maintenance costs of the residence.
In June of 1990, Nancy remarried. Thereafter, Lloyd filed a motion to modify the final judgment, based on Nancy’s remarriage. He argued that Nancy’s remarriage constituted a change of circumstances mandating that her right to exclusive possession be terminated, and that the residence be immediately sold, although two of the children were still minors.
We do not think that Markham and Anderson are controlling precedents in this case. Both Markham and Anderson involved dissolution judgments which awarded a custodial spouse exclusive possession of the parties’ marital home. No settlement agreement was involved in either case. However, in Smith v. Moughan, 442 So.2d 338 (Fla. 5th DCA 1983) we held that where the parties agree to exclusive possession by one party, remarriage by the party in possession does not automatically terminate that party’s right of exclusive possession.
The facts in this case are similar to those in Farkas v. Farkas, 426 So.2d 1213 (Fla. 4th DCA 1983). In Farkas, the parties entered into a settlement which was incorporated into the dissolution judgment. It gave the former wife exclusive right to occupy the marital residence until: (a) the child dies; (b) the child reaches the age of eighteen; (c) the child becomes self-supporting and/or (d) the child marries; (e) the child no longer lives with the wife and is not attending school. The former wife remarried but none of the conditions terminating her right of exclusive possession had occurred. The court held that the agreement pertaining to exclusive possession of the residence was a form of property right, as well as incidentally an element of child support. As such, it was not subject to modification because of a change of circumstances. It also held that the parties were bound by their clear and unambiguous agreement as to the conditions which *1035 would extinguish the former spouse’s right of exclusive possession.
In this case, the parties agreed that the former wife’s right of exclusive possession would be terminated only by the youngest child becoming eighteen years of age; or by the former wife’s decision to sell the home before that time. None of those circumstances had occurred in this case, and the parties’ agreement is at least as clear and unambiguous as the one involved in the Farkas case.
Accordingly, we hold that the former husband is bound by the terms of the parties’ settlement agreement. Accordingly, the trial court erred in finding the wife’s remarriage constituted a change of circumstances which justified amending the parties’ agreement. We therefore reverse and remand for further proceedings consistent with this determination.
REVERSE; REMAND.
DAUKSCH and GRIFFIN, JJ., concur.