On October 27th, 1927, Appellant, Oakland Properties Corporation, filed its bill against J. J. Hogan and Middle River Development Company, Appelles, seeking to reform a deed executed by Middle River Development Company to Appellant in such manner and to such extent as would cause the same to convey the legal title to the lands described in paragraph II of the bill, as follows:
 East Half (E 1/2) of Southwest Quarter (SW 1/4) of Southeast Quarter (SE 1/4) of Northwest Quarter (NW 1/4); Southeast Quarter (SE 1/4) of Southeast *Page 43 
Quarter (SE 1/4) of Northwest Quarter (NW 1/4); Northeast Quarter (NE 1/4) of Southwest Quarter (SW 1/4); East Half (E 1/2) of East Half (E 1/2) of Northwest Quarter (NW 1/4) of Southwest Quarter (SW 1/4); and North Half (N 1/2) of North Half (N 1/2) Southeast Quarter (SE 1/4) of Southwest Quarter (SW 1/4) of Section 22, Township 49, Range 42 East, in Broward County, Florida, and continuing 75 acres more or less.
The defendant in the lower court, Hogan, on November 7, 1927, filed his answer. No service of process was obtained upon his co-defendant, Middle River Development Company. On the 5th day of January, 1928, the chancellor entered a decree upon the bill and answer granting a serverance as to the defendant Hogan and dismissing the bill, the entry of which decree is the error assigned.
It is apparent from the record that on the 26th day of February, 1925, Hogan was the owner of the lands in controversy; that he sold to Gotham Realty Corporation and executed a deed thereto; that at the same time the purchaser paid a portion of the purchase price and executed its purchase money mortgage covering the same property to Hogan to secure the sum of Fifteen Thousand ($15,000.00) Dollars, that being the balance of the purchase price. Subsequently the lands were deeded by Gotham Realty Corporation, Grantor, to Middle River Development Company who on the 22nd of April, 1926, executed a deed to Oakland Properties Corporation conveying the South Half of Southwest Quarter of Northwest Quarter of Southwest Quarter; West Half of Southwest Quarter of Southwest Quarter, and Southeast Quarter of Southwest Quarter in Section 22, Township 49, Range 42 East, in Broward County, Florida, which deed conveyed *Page 44 
the title to ten acres only of the lands included in the deed to Gotham Realty Corporation, and in the deed from Gotham Realty Corporation to Middle River Development Company.
On March 30th, 1927, the Mortgagee, Hogan, filed a bill to foreclose his mortgage which resulted in a final decree and in which suit Gotham Realty Corporation, Middle River Development Company and Fab Holding Corporation were named as defendants. Hogan was the purchaser at the sale and the sale confirmed October 8th, 1927. Complainant in the suit now before the court, to-wit, Oakland Properties Corporation, who then held the legal title to the ten acres, to-wit:
 North Half (N 1/2 of North Half (N 1/2) of Southeast Quarter (SE 1/4) of Southwest Quarter (SW 1/4)
was not named as a defendant.
Subsequent to the filing of the answer of Defendant Hogan, and after due notice to appellant, application was made to the court for an order fixing the time for the taking of testimony and for limiting the time in which said testimony should be taken, and on December 12th, 1927, the chancellor entered an order directing the parties to the cause to appear before the court and submit their testimony. No testimony was submitted at this hearing, the complainant not being present, and, on December 24th, 1927, Defendant Hogan served notice that the cause would be presented for final hearing on bill and answer on the 5th day of January, 1928. During this time and on the 29th day of December, 1927, after the time for taking testimony had expired the appellant filed its motion to vacate the order limiting the time for taking testimony because at the time of the entry of said order the cause was not at issue. *Page 45 
Under the pleadings in this case two separate and distinct issues are presented, the prayer of the bill seeking a reformation of the deed from Middle River Development Company, grantor, to the Complainant, Oakland Properties Corporation, so as to convey the legal title to the lands described in paragraph II of the bill of complainant and to declare complainant entitled to the possession thereof.
That the decree of foreclosure in the cause in which J. J. Hogan was complainant and Gotham Realty Corporation, Middle River Development Company and Fab Holding Corporation were defendants be vacated, cancelled and annulled.
The Middle River Development Company, the co-defendant of Hogan, not having been served with the process of the court the court was without jurisdiction to determine' the issue presented as to a reformation of the deed.
The only issue then to be determined by the chancellor raised by the pleadings filed was as to the cancellation of the decree of foreclosure. The first contention of appellant is that the court erred in granting the decree dismissing the bill because of the pending motion; that the cause was not at issue, and that the motion was not ruled upon at the time of the entry of the decree.
The only defendant before the court was the Defendant Hogan, who had filed his answer. The answer did not set forth a counter-claim or set-off and, therefore, under the provision of the law the cause was at issue.
 "The filing of a general replication to an answer which does not set forth a counter-claim or set-off does not effect the provision of the statute which specifically provides that the cause shall be deemed at issue upon *Page 46 
the filing of the answer unless the answer asserts a set-off or counter-claim." Smith, et al., v. Milham, et al., 115 So. R., 532.
 "Under the statute if the answer merely sets up new affirmative matter defensive in character such as would be appropriate to an ordinary answer in equity designed to defeat the purpose of the bill without asserting any set-off or counter-claim no reply thereto shall be required without a special order from the court and the cause will be deemed at issue upon the filing of the answer." Lovett, et. al., v. Lovett, et al., 112 So. R., 768.
 Rule 62 of the Rules of Practice for the government of the Circuit Courts of Florida in equity is cited for the purpose of showing that the appellant was entitled until the Rule Day in December, 1927, to file exceptions to the answer, and contends that the motion to extend the time for taking testimony then pending before the court, and not ruled upon, relieved it, the appellant, from the necessity of filing exceptions to the appellee's answer. The bill in this cause is not essentially one for discovery and it expressly waives the answer under oath, therefore, exceptions for insufficiency would not lie.
 "The settled rule is that exceptions for insufficiency will not lie to an answer to a bill that is not essentially one for discovery and that expressly waives an answer under oath."
 Pinellas Packing Company v. Clearwater Citrus Grower's Ass'n 65 So. R. 591.
If appellant desired to test the sufficiency of the answer, and in the opinion of his counsel affirmative matter was set up therein, the proper procedure would have been by motion to strike which motion could have been filed on the *Page 47 
Rule Day in December, 1927, and in ample time to have been heard by the court before the time set for the taking of testimony. The record, however, discloses that appellant was content to stand upon the motion to extend the time for taking testimony, which motion was predicated upon the ground that the cause was not at issue, appellant's contention being that because the Middle River Development Company was named as a party defendant, although no process had been served upon it, and the court had no jurisdiction of the party, that a hearing upon the issue presented by the bill and answer of the defendant Hogan could not be had. There is no merit in this contention, and the entry of the decree dismissing the bill virtually passed upon this motion. This brings us to a consideration of the final decree of the chancellor on January 5, 1928, dismissing the bill as to the Defendant Hogan with prejudice to the complainant. It is apparent from the record that the title to the North Half of the North Half of Southeast Quarter of Southwest Quarter of Section 22, Township 49, Range 42 East, containing ten acres, and being part of the land described in the mortgage from Gotham Realty Corporation to Hogan, was vested in this appellant, Oakland Properties Corporation, at the time of the institution of the suit by J. J. Hogan to foreclose the mortgage upon the lands described in paragraph II of the bill of complaint. The bill so alleges, together with the assertion, that appellant held an open, notorious and adverse possession, not only of the ten acres described but of the whole tract consisting of seventy-five acres. The answer admits the title to the ten acres to have been vested in the Oakland Properties Corporation at the time of the institution of the suit to foreclose the mortgage, but specifically denies the possession of the mortgaged premises. Where a cause is set down for hearing on bill and answer *Page 48 
a defendant who has answered under oath is entitled to the benefit of his answer as evidence, notwithstanding a waiver of answer under oath in the bill. Farrell v. Forest Inv. Co., 73 Fla., 191, 74 So. R. 216, cited. Johnson v. Sumner, 82 Fla., 377, 90 So. R., 171.
Where a cause is set down on bill and answer and the answer is directly responsive to the allegations of the bill, and in denial thereof, the allegations of the bill must fall unless sustained by proof.
Therefore, the chancellor was not in error in dismissing the bill as to the Defendant Hogan in so far as the same affected the rights of said Defendant Hogan in the sixty-five acres to which the Oakland Properties Corporation held no title.
One who holds the legal title to mortgaged property is not only a necessary but is an indispensible party defendant in a suit to foreclose a mortgage.
 "The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject matter of a suit must be made parties either as complainants or defendants so that a complete decree may be made binding upon all parties.
 "The court cannot properly adjudicate the matters involved in the suit when it appears necessary and indispensible parties to the proceeding have not been served with process or not in some proper way actually or constructively before the court." Indian River Mfg. Co., v. Wooten, 37 So. R., 731.
 "The rights and interests of necessary and indespensible parties cannot be adjudicated when they are not properly before the court." Nelson v. Haisley, et al., 22 So. R., 265.
 "A foreclosure proceeding resulting in a final decree *Page 49 
and a sale of the mortgaged property, without the holder of the legal title being before the court will have no effect to transfer his title to the purchaser at said sale." Jordan v. Sayre, et al, 10 So. R., 823, 29 Fla., 100. "The owner of the legal title of land covered by a mortgage is a necessary party to a suit to foreclose the mortgage and neither such owner nor the legal title is effected by a decree and sale in a suit to which he is not a party." Burlack v. Halle, et ux., 22 Fla., 236.
Appellant, Oakland Properties Corporation, being vested with title to the ten acres of the seventy-five acre tract, was an indespensible party to the foreclosure proceedings and not having been made a party its rights could not have been adjudicated and the decree dismissing the bill, in so far as it affected the title to these lands vested in Oakland Properties Corporation, was erroneous. It, therefore, appears that the decree appealed from should be affirmed in so far as it dismisses the bill as to the Defendant Hogan and in so far as it concerns the rights of Hogan in the sixty-five acres to which the Oakland Properties Corporation held no title; and the decree should be reversed in so far as it affects the title to the ten acres vested in Oakland Properties Corporation.
It is so ordered, and the cause is remanded for further proceedings consistent with this opinion.