MAY, J.
Robert Kirchoff and Alton Rivenbark appeal an order denying their motion for relief from judgment and their petition for replevin. They claim that a final judgment declaring two motorcycles “lost or abandoned” is void. We agree and reverse.
On February 11, 1998, Brad Cregan brought two motorcycles that had been assembled from parts (ASPT), to the Plantation office of the Department of Motor Vehicles for inspection in an effort to obtain title. Cregan was acting on behalf of appellants Kirchoff and Rivenbark, each of whom purport to own one of the motorcycles. The sheriffs office requested that Cregan bring the motorcycles to the Bro-ward Sheriffs Office Auto Theft Task Force for further inspection as Cregan was lacking certain documentation. The motorcycles remained in the possession of the sheriffs office throughout the litigation.
The sheriffs office undertook an investigation of Kirchoff, Rivenbark, Cregan, and others upon suspicion that they were in the business of selling motorcycles that had been assembled from stolen parts. On *961 February 25, 1998, Cregan’s attorney wrote to the sheriffs office, demanding return of the motorcycles. In March, the sheriffs office sent registered certified letters to Kirchoff and Rivenbark at the address provided by them on the application for registration of the motor vehicles. The letters were returned unclaimed. On April 3, the sheriffs office responded to the February 25th letter from Cregaris attorney, advising that registered letters had been sent to the purported owners, but had been returned unclaimed, and that the investigation was ongoing.
On April 2, the sheriffs office executed a search warrant at Kirchoff and Riven-bark’s premises and seized property not at issue in this case. The sheriffs office then-sought forfeiture of the property seized pursuant to the warrant. The trial judge in that proceeding conducted an adversarial preliminary hearing during which the sheriffs office presented evidence relating to the property seized pursuant to warrant and the two ASPT motorcycles. These motorcycles were not encompassed by the forfeiture complaint, but the trial judge mistakenly included them in the oral finding of probable cause. Counsel for the sheriffs office included the two ASPT motorcycles in the proposed written order on probable cause.
On April 28, Kirchoff s counsel informed the sheriffs office that he had received and reviewed a copy of the proposed order in the forfeiture action. The letter identified Kirchoff and Rivenbark as the owners of the ASPT motorcycles taken into custody on February 11,1998, identified the lawyer representing Rivenbark, and indicated that both the attorneys were authorized to accept service on behalf of their clients. Counsel for the sheriffs office responded in a letter, which stated:
I agree that the motorcycles that were seized at DMV on February 17, 1998 are not a part of this case. They were inadvertently included on the proposed order.
Thereafter, counsel submitted an agreed motion for withdrawal of the probable cause order, which the trial court granted on July 1,1998.
On July 7 and July 14,1998, the sheriffs office caused the following to be published.
NOTICE OF LOST PROPERTY TO: ALL PERSONS who may claim an interest in two 1998 “ASPT” motorcycles which are lost and/or abandoned property found by the Broward Sheriffs Office on or about 2-11-98 at or near 4200 W. Sunrise Blvd., Plantation. Said property is in the custody of the Broward County Sheriffs Office. In the event no person(s) claim an interest in said property by 7-31-98, the Broward County Sheriffs Office shall retain said property for its own use. All claims for said property shall be made to:
KENNETH C. JENNE, II ■
SHERIFF OF BROWARD COUNTY
Legal Department
2601 West Broward Boulevard, #3548
Fort Lauderdale, Florida 33312
Telephone (954) 831-8920.
On August 4, 1998, the sheriffs office voluntarily dismissed the forfeiture complaint, sending notice of the voluntary dismissal to Kirchoffs counsel. On August 17, 1998, the sheriffs office filed a “Verified Complaint for Lost and/or Abandoned Property,” alleging that Cregan brought the motorcycles to the DMV to be inspected, that he had identified Kirchoff and Rivenbark as the owners of the motorcycles, that Cregan had been asked to have the owners contact the Auto Theft Task Force, and that the owners “have not claimed the motorcycles or made any efforts to contact the Auto Theft Unit.” The complaint attached the published notice as *962 an exhibit. The sheriffs office did not serve the complaint on Kirchoff and Riven-bark or their respective counsel. The court entered a final judgment on September 1,1998, declaring the motorcycles “lost and/or abandoned,” and vesting title in the sheriffs office nunc pro tunc to February 11,1998.
On September 14, 1998 Kirchoffs counsel wrote to the sheriffs office to ask about the status of the motorcycles. On September 24, 1998, counsel for the sheriffs office responded by sending a copy of the Complaint for Lost and Abandoned Property and the Final Order entered on September 1, 1998. The letter further stated: “It is my understanding that you will be making a decision whether or not to file a Motion to Vacate the Final Order, and will notify my office accordingly.”
The record before this court reflects no further activity until January 19, 2000, when counsel for Kirchoff and Rivenbark filed a joint petition for replevin of the two ASPT motorcycles in the lost or abandoned property case. The sheriffs office opposed the petition on the ground that it had been filed in a closed case, and there had been no effort to set aside the final order. On June 8, 2000, Kirchoff and Ri-venbark filed a motion to set aside the final order. The trial court denied both the motion and the petition for replevin. In its order, the trial court found that the final judgment was not void, and that the publication “under these particular circumstances was appropriate.”
Kirchoff and Rivenbark contend that the trial court erred in denying their motion to set aside the final order because the judgment was void. The sheriffs office argues, however, that the trial court properly denied the motion to set aside the final judgment as the motion was filed more than twenty months after the judgment was entered, outside the time limits of Florida Rule of Civil Procedure 1.540. The case boils down to whether the final judgment, declaring the motorcycles “lost or abandoned” was void. If it was, then the time limits of Florida Rule of Civil Procedure 1.540 do not apply.
It cannot be doubted that a judgment entered without notice to a party is void. Wyatt v. Haese, 649 So.2d 905 (Fla. 4th DCA 1995); Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988); Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970). “A judgment may be attacked at any time when the face of the record reveals that no jurisdiction was obtained over the defendant because service of process was not perfected.” 649 So.2d at 907 (citing Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987)). So, was service by publication sufficient in this case? We think not.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.
[[Image here]]
But when notice is a person’s due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.
Mullane v. Cent Hanover Bank & Trust Co., 339 U.S. 306, 314-15, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (citations omitted).
Given that the sheriffs office had knowledge of the names of the purported owners, and the names of their attorneys, who were authorized to accept service, the published notice in this case failed to comport with due process requirements. The “notice of lost property,” published pursuant to section 705.103, Florida Statutes (1996), contained only a minimal descrip *963 tion of the motorcycles, much less than the description used by the sheriffs office- in the title of the verified complaint. The notice omitted the VIN numbers, color, and year of the motorcycles; the names of purported owners, their counsel, or Cre-gan, from whom the sheriffs office took the motorcycles. All of this information was known by the sheriffs office prior to the publication. Further, the notice described the motorcycles as “lost or abandoned” when they had been physically taken by the sheriffs office, investigated, and mistakenly included in a forfeiture action filed by the sheriffs office.
It cannot be said that the sheriffs office satisfied the requirements of proper notice as required by the due process clause. The published notice failed to identify the motorcycles with any degree of specificity to put the purported owners on notice. This is especially true given the fact that the purported owners were engaged in ongoing correspondence and litigation regarding the motorcycles. Without proper notice, the judgment is void. And, while it remains a mystery why Kirchoff and Ri-venbark waited sixteen months from notice of the final judgment to file their petition for replevin, and over twenty months to file a motion to set aside the final judgment, there is no legal time barrier established by the rules of civil procedure.
For this reason, the order denying the motion to set aside the judgment is reversed. The order denying the petition for replevin is affirmed without prejudice. The case is remanded to allow for a meaningful determination of the motorcycles’ ownership.
REVERSED AND REMANDED.
GUNTHER and TAYLOR, JJ., concur.