STONE, J.
We affirm a summary judgment of foreclosure in favor of Bankers Trust. The trial court properly allowed Bankers Trust to join English in a re-foreclosure of a mortgage where it failed to join the true owner of the property, an indispensable party, in the first foreclosure.
There are no disputed issues of material fact. Bankers Trust first attempted to foreclose, in a separate case, in early 2002. It named only English, the original owner and mortgagor, as a defendant. That foreclosure resulted in a final judgment setting the debt at $73,839.75, and setting a foreclosure sale. Bankers Trust purchased the property at the foreclosure sale. Immediately thereafter, Bankers Trust learned of English’s conveyance to Lesa Investments, and it brought a de novo foreclosure action naming both English and Lesa Investments. Another party, Van Zamft, was also added.
English does not deny the default in payment. Instead, she answers that, because there had been a prior foreclosure action and sale, she could not be joined in the re-foreclosure.
The trial court correctly concluded that the first action was void. Significantly, this is not a re-foreclosure to extinguish a junior lienor. Rather, this second action is an initial foreclosure as to the fee simple owner. Because Lesa Investments, the undisputed owner, was not a party to the first suit, the initial foreclosure judgment could not result in a valid sale, as the owner of the fee simple title was an indispensable party. Community Fed. Svgs. and Loan Ass’n v. Wright, 452 So.2d 638, 640 (Fla. 4th DCA 1984).
If the initial sale were not void, then there would be merit in English’s claim that res judicata precludes this second action as to a deficiency judgment. The first foreclosure sale, however, is void for failure to join the fee simple owner. See Wright. That being the case, no further action, such as a motion under Florida Rule of Civil Procedure 1.540(b)(4), to vacate the first judgment, was necessary in order to join English again.
We note that, more than a century ago, the Florida Supreme Court recognized that “a foreclosure proceeding resulting in a final decree and a sale of the mortgaged property, without the holder of the legal title being before the court will have no effect to transfer his title to the purchaser at said sale.” Jordan v. Sayre, 24 Fla. 1, 3 So. 329, 330 (1888). If the foreclosure proceeding has no effect to transfer title because the legal title holder has not been joined, it is simply another way of saying that the foreclosure proceeding is void.
Although English may have a point in arguing that it is redundant to name her in the re-foreclosure of the property, there is no authority to support her position that joining her in the second foreclosure is precluded. Rather, it is reasonable to conclude that if the first foreclosure sale was invalid, because the legal title holder was not a party, then a second foreclosure action is necessary to enforce the mortgagee’s rights.
It also follows that English’s claim that the doctrine of merger precludes Bankers Trust from seeking a deficiency judgment must fail. If the first foreclosure sale and all related proceedings cannot stand, then the deficiency judgment awarded to Bankers Trust was also void.
With respect to the amount due from English, however, any such deficiency, including pre-judgment interest, is due only until the time of the original foreclo *1122 sure proceeding. In White v. Mid-State Federal Savings & Loan Ass’n, 530 So.2d 959 (Fla. 5th DCA 1988), the court held that where the senior mortgagee becomes the owner of the foreclosed property but re-foreclosure is necessary, it is error to continue to award interest, real property taxes, insurance premiums, and expenses for the period following the first foreclosure. See also Raskin v. Otten, 273 So.2d 433 (Fla. 3d DCA 1973)(finding that it was error to allow a party that had the use and benefit of the property after a first foreclosure to further collect additional benefits in the form of reimbursement).
Similarly, in an analogous situation involving an owner’s right to redeem, where the owner was not joined in the first foreclosure, this court determined that the owner was entitled to pay the redemption amount that the owner would have been required to pay if the owner had been joined in the first foreclosure. Pinto v. EMC Mortgage Corp., 700 So.2d 91 (Fla. 4th DCA 1997).
Therefore, we reverse as to the amount of deficiency and remand for further proceedings. In all other respects, we affirm.
GUNTHER and TAYLOR, JJ„ concur.