CIKLIN, J.
Appellant, 2010-3 SFR Venture, LLC (“the bank”), challenges a final judgment quieting title to property in favor of the Boca Gardens Homeowners Association, Inc. (“the association”), which extinguished the mortgage on the residential property held by the bank. We agree with the bank that, despite an adjudication on the merits in a prior action to foreclose the mortgage, res judicata does not render the mortgage unenforceable by precluding enforcement actions on subsequent defaults. The trial court erred in quieting title against the bank’s valid and enforceable mortgage and therefore we reverse.
In October 2006, the borrower, Melissa Garcia, executed a note and mortgage in order to purchase the property at issue. The mortgage and note were acquired by the bank and had a maturation date of November 2036. Garcia defaulted on the note shortly thereafter. Additionally, she failed to pay homeowner association fees assessed by the association.
The bank’s predecessor in interest filed suit to-foreclose in August 2007, alleging a default in the payment due on April 1, 2007 and accelerating the balance due. The complaint named the association as a co-defendant because of its potential junior lien interest.
Because the bank delayed the prosecution of its foreclosure action, the trial court dismissed the suit. The bank filed a second foreclosure action as a result of the trial court’s involuntary dismissal of the first.
Between the dismissal of the first action and the bank’s filing of its second foreclosure action, the association obtained title to the subject property by foreclosing its own homeowner association lien and purchasing the property at the court-ordered foreclosure sale.
As to the bank’s second foreclosure action, the complaint, again, alleged a default on a scheduled payment; indicated that all payments left due and owing were accelerated; and named the association as a code-fendant in an effort to foreclose its inferior homeowner association fee lien. The association moved for final summary judgment, arguing that the involuntary dismissal of the bank’s first foreclosure action operated as an adjudication on the merits pursuant to Florida Rule of Civil Procedure 1.420(b),[1] and thus, the bank was barred from relitigating the claim. The trial court granted the association’s summary judgment motion.
In addition to filing its motion for summary judgment, the association also filed a counterclaim to quiet title on the basis of res judicata, therein seeking a court order removing the bank’s mortgage as an encumbrance on the property. At trial on the association’s counterclaim, the association argued that, because res judicata barred the bank from filing further foreclosure suits, the bank’s first mortgage was no longer enforceable as a lien on the property.
Following the trial, the court entered judgment on the counterclaim in favor of the association. The final judgment, which is the subject of the instant appeal, provides that the association’s title is quieted against the bank’s claim, that the bank’s mortgage is released and no longer encumbers the property, and that the bank is enjoined from seeking to foreclose the mortgage.
*125 Before us, the bank correctly argues that — regardless of the adjudication on the merits in the first action — res judi-cata does not preclude a subsequent action based on a subsequent default. Therefore, as the bank correctly asserts, the trial court erroneously quieted title in that a valid and enforceable mortgage does not constitute a cloud on title.
“[T]he doctrine of res judicata does not necessarily bar successive foreclosure suits, regardless of whether or not the mortgagee sought to accelerate payments on the note in the first suit.” Singleton v. Greymar Assocs., 882 So.2d 1004, 1008 (Fla.2004). This is because “[a] new default, based on a different act or date of default not alleged in the dismissed action, creates a new cause of action.” Star Funding Solutions, LLC v. Krondes, 101 So.3d 403, 403 (Fla. 4th DCA 2012) (citing Singleton, 882 So.2d at 1005). Accordingly, the holding applies even where the prior action was adjudicated on the merits. See Singleton, 882 So.2d at 1007 (citing Capital Bank v. Needle, 596 So.2d 1134, 1138 (Fla. 4th DCA 1992)); cf. U.S. Bank Nat’l Ass’n v. Bartram, 140 So.3d 1007, 1014 (Fla. 5th DCA 2014) (holding that a subsequent default creates a new cause of action for statute of limitations purposes even where a prior case was dismissed on its merits).
Neither the acceleration of the debt nor the adjudication on the merits in the bank’s first foreclosure action triggered the application of res judicata to bar actions based on subsequent defaults. As we recently explained, “[w]hile a foreclosure action with an acceleration of the debt may bar a subsequent foreclosure action based on the same event of default, it does not bar subsequent actions and acceleration based upon different events of default.” Evergrene Partners, Inc. v. Citibank, N.A., 143 So.3d 954 (Fla. 4th DCA 2014) (citing Singleton, 882 So.2d at 1008). Thus, the mortgage remains enforceable based on subsequent defaults.[2]
Because the bank’s mortgage may be enforced through an action alleging a subsequent default, it is a valid lien and does not constitute a cloud on title to support a quiet title claim. See Evergrene, 143 So.3d 954 (“ ‘[EJach payment default ... created a basis for a subsequent foreclosure.... Accordingly, the note and mortgage remain a valid and enforceable lien against Plaintiffs property, and do not, as a matter of law, constitute a cloud on Plaintiff’s property supporting a quiet title claim.’ ” (quoting Kaan v. Wells Fargo Bank, N.A., 981 F.Supp.2d 1271, 1274 (S.D.Fla.2013))).
Accordingly, we remand this case to the trial court with directions to vacate the final judgment quieting title and to thereafter conduct such further proceedings as may be appropriate.
We find the remaining issues raised by the bank to be either without merit or moot in light of our holding.

Reversed and remanded with instructions.

STEVENSON and FORST, JJ., concur.

. In pertinent part, rule 1.420(b) provides, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.”

. Similar reasoning extends to application of the statute of limitations to a subsequent foreclosure action based on a different period of default. See Evergrene, 143 So.3d 954; Bar-tram, 140 So.3d at 1013.