DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITIBANK, N.A.,** as Trustee for the Certificateholders of STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., Bear Stearns Alt-A Trust Mortgage Pass-through Certificates Series 2006-4,
Appellant,

v.

**JORGE VILLANUEVA, LUCIA GONZALEZ, unknown spouse** of **JORGE VILLANUEVA, unknown spouse** of **LUCIA GONZALEZ, JOHN DOE,** and **JANE DOE,** as unknown tenants in possession of the subject property,
Appellees.

No. 4D15-239

[September 9, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. CACE 08011842 (11).

Steven W. Schabacker of Wargo & French, LLP, Miami, for appellant.

No appearance for appellees.

PER CURIAM.

Citibank, N.A., the plaintiff in a mortgage foreclosure action, appeals a non-final order denying its motion to vacate final judgment of foreclosure. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). We reverse.

After the borrower defaulted on a note secured by a mortgage on real property, Citibank filed a foreclosure complaint. Citibank obtained a final judgment of foreclosure in March 2013, and a foreclosure sale was set for a date in July 2013.

In June 2013, a non-party, Diana Diaz, moved to cancel the sale. Her motion alerted Citibank that the owners of the property at the time the note and mortgage were executed had quit-claimed the property to Diaz and another person, Luis Garcia. Diaz and Garcia actually were the record title owners at the time the foreclosure complaint was filed. They

were not named in the foreclosure action or on the final judgment; therefore, their interests were not foreclosed. Diaz did not move to intervene in the foreclosure action or to vacate the final judgment of foreclosure. Instead, she filed a separate action to quiet title to the property.

Citibank moved to vacate the final judgment of foreclosure in October 2014, a year and seven months after the judgment was filed and a year and four months after Diaz alerted it to the existence of the record title owners. Without intervening, Diaz filed a response, arguing that the motion was untimely. The trial court denied the motion without explanation. This appeal followed.

A trial court's ruling on a motion to vacate generally is reviewed for abuse of discretion. *Suntrust Mortg. v. Torrenga*, 153 So. 3d 952, 953 (Fla. 4th DCA 2014). But "when the underlying judgment is 'void,' the trial court has no discretion, but is obligated to vacate the judgment." *Phenion Dev. Grp., Inc. v. Love*, 940 So. 2d 1179, 1181 (Fla. 5th DCA 2006) (citing *State, Dep't of Transp. v. Bailey*, 603 So. 2d 1384, 1386-87 (Fla. 1st DCA 1992)).

The fee simple title holder is an indispensable party in an action to foreclose a mortgage on property. *Oakland Props. Corp. v. Hogan*, 117 So. 846, 848 (Fla. 1928) ("One who holds the legal title to mortgaged property is not only necessary, but is an indispensable, party defendant in a suit to foreclose a mortgage."); *Cmty. Fed. Sav. & Loan Ass'n of Palm Beaches v. Wright*, 452 So. 2d 638, 640 (Fla. 4th DCA 1984). "Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder." *Hertz Corp. v. Piccolo*, 453 So. 2d 12, 14 n.3 (Fla. 1984).

In *English v. Bankers Trust Co. of California, N.A.*, 895 So. 2d 1120 (Fla. 4th DCA 2005), the lender filed a foreclosure action against the original borrower, obtained a final judgment, and purchased the property at the foreclosure sale. Then it learned that the borrower had conveyed the property to another before the foreclosure action, and it brought a second foreclosure action, naming both the borrower and the new owner as defendants. Summary judgment was entered for the lender. *Id.* at 1121.

On appeal, the borrower argued she could not be joined in the new action because of the prior action. This court affirmed the summary judgment, explaining as follows:

2

The trial court correctly concluded that **the first action was void**. Significantly, this is not a re-foreclosure to extinguish a junior lienor. Rather, this second action is an initial foreclosure as to the fee simple owner. Because Lesa Investments, the undisputed owner, was not a party to the first suit, the initial foreclosure judgment could not result in a valid sale, as the owner of the fee simple title was an indispensable party. *Community Fed. Svgs. and Loan Ass'n v. Wright*, 452 So. 2d 638, 640 (Fla. 4th DCA 1984).

. . . .

We note that, more than a century ago, the Florida Supreme Court recognized that "a foreclosure proceeding resulting in a final decree and a sale of the mortgaged property, without the holder of the legal title being before the court will have no effect to transfer his title to the purchaser at said sale." *Jordan v. Sayre*, 24 Fla. 1, 3 So. 329, 330 (1888). If the foreclosure proceeding has no effect to transfer title because the legal title holder has not been joined, it is simply another way of saying that **the foreclosure proceeding is void**.

*Id.* (emphasis added). This court explained that the borrower's res judicata argument would have merit if the first foreclosure sale were not void. *Id.* Similarly, Citibank's foreclosure judgment was void for failing to join indispensable parties. *See also Lambert v. Dracos*, 403 So. 2d 481, 484 (Fla. 1st DCA 1981) (holding trial court erred in denying defendants' motion to dismiss foreclosure complaint for failure to join an indispensable party, a legal co-owner of the interest foreclosed).

If the trial court denied the motion to vacate because of Citibank's delay in filing it, that was not a proper reason for denial. Florida Rule of Civil Procedure 1.540(b) allows relief from a final judgment for various reasons, including that the judgment is void, which falls under subdivision 1.540(b)(4). "The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken." Fla. R. Civ. P. 1.540(b). Thus, the time limit for void judgments is "within a reasonable time." *Id.* However, that language has been construed to mean almost no time limit. *Kirchoff v. Jenne*, 819 So. 2d 959, 963 (Fla. 4th DCA 2002); *M.L. Builders, Inc. v. Reserve Developers, LLP*, 769 So. 2d 1079, 1082 (Fla. 4th DCA 2000) ("[W]e do not agree that the length of the delay in filing a motion to vacate after learning of the entry of a void

3

judgment is legally significant since it is well established that the passage of time cannot make valid that which has been void from the beginning.").

Accordingly, we reverse the order denying Citibank's motion to vacate final judgment of foreclosure and direct the trial court on remand to grant the motion.

*Reversed and Remanded.*

STEVENSON, LEVINE and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4