DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FL HOMES 1 LLC** and **JOSE PEREZ,**
Appellants,

v.

**TOULA KOKOLIS,** as Trustee of the **TOULA KOKOLIS REVOCABLE TRUST** dated July 2, 2014, and **FL HOMES, LLC,**
Appellees.

No. 4D18-2709

[May 15, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 18-11249 (11).

Michael Winer, Fort Lauderdale, for appellants.

Steven L. Wall of Mestdagh & Wall, P.A., Winter Park, for appellee, Toula Kokolis, as Trustee of the Toula Kokolis Revocable Trust dated July 2, 2014.

GROSS, J.

Full of sound and fury, this foreclosure case is the tale of the legal chaos that can happen when a mortgage holder initiates a foreclosure action but fails to include the sole record title holder as a party. We hold that a foreclosure judgment was void for the failure of the plaintiff to join the only record title owner of the property; because the judgment was void, a lis pendens filed in that proceeding had no effect on unrecorded property interests whose holders did not intervene in the foreclosure action.

Florida Homes I LLC and Jose Perez appeal a summary final judgment of **re**foreclosure in favor of appellee Toula Kokolis, as trustee of the Toula Kokolis Revocable Trust. The property at issue in this case has been the subject of three separate foreclosure actions: (1) an action filed by a homeowners' association; (2) the initial mortgage foreclosure lawsuit; and (3) the reforeclosure lawsuit.

Before any litigation, the property was owned by non-parties to this appeal, John Keefer and Denise Derosa-Keefer, who borrowed money and executed a note and mortgage in favor of the original lender. After multiple assignments, the note and mortgage landed with Greenwich Investors XLIII Trust 2013-1.

### *The Homeowners' Association Foreclosure Action*

In 2012, Tall Pines Community Homeowners' Association, Inc. (the "HOA") initiated a lawsuit to foreclose the association's lien against the property. A final judgment of foreclosure led to a foreclosure sale on October 25, 2012.

At that foreclosure sale, appellant Perez made the winning bid of $22,100. Instead of putting the certificate of title in his name, Perez instructed the Clerk of Court to issue the title in the name of "FL Homes LLC." The certificate of title was subsequently issued in the name of FL Homes LLC on November 6, 2012.

At the time the certificate issued, Perez was unaware that an entity named FL Homes LLC already existed in Florida. Perez had absolutely no connection to that entity, so he had no authority to acquire property on its behalf. Perez chose the name FL Homes LLC believing that the name had not yet been taken. Not until he went to register FL Homes LLC, did Perez learn that a company with that name already existed.

On November 27, 2012, Perez registered a new entity named "FL Homes 1 LLC." Perez has never tried to retitle the property in the name of FL Homes 1 LLC. Perez took possession of the property, rented it out, and deposited rent checks in a bank account in the name of FL Homes 1 LLC. Perez also claims that he paid taxes and necessary fees associated with the property.

### *Initial Mortgage Foreclosure Action*

Not surprisingly, after Keefer and Derosa-Keefer lost the property in the HOA foreclosure action, their mortgage loan was in default. On February 8, 2013, a lawsuit to foreclose that mortgage was filed. Greenwich Investors was later substituted as the plaintiff. This foreclosure action named the HOA and the prior owners of the property, Keefer and Derosa-Keefer, as defendants. The lawsuit did not name FL Homes LLC as a defendant, nor did it mention or seek to foreclose any interest in the property conveyed by the certificate of title in the HOA foreclosure action.

On February 14, 2013, a notice of lis pendens was recorded. After such recording, appellants did not seek to intervene in the lawsuit.

On December 16, 2014, a final judgment was entered against John Keefer, Denise Derosa-Keefer, and the HOA. A judicial sale was held in accordance with that final judgment on February 11, 2015. Greenwich Investors was the highest bidder at the judicial sale and a certificate of title for the property was issued to Greenwich Investors on February 24, 2015.

On December 22, 2015, Greenwich conveyed the property to Toula Kokolis for $539,900. In 2016, Toula Kokolis conveyed the property by quitclaim deed to Toula Kokolis, as trustee of the Toula Kokolis Revocable Trust, the appellee here.

### *The Reforeclosure Lawsuit*

On May 10, 2018, appellee filed the underlying action (the "reforeclosure lawsuit") to foreclose the mortgage against the interests or potential interests of parties omitted from the initial mortgage foreclosure lawsuit. The reforeclosure lawsuit named FL Homes LLC, FL Homes 1 LLC, and Perez as defendants. A notice of lis pendens was also recorded.

Appellants answered the complaint. FL Homes LLC also filed a response which stated, "FL Homes LLC claims no interest in this property and does not oppose the relief sought . . . ."

Appellee moved for summary judgment. Appellee argued that neither Perez nor FL Homes 1 LLC held any interest in the property. Appellee contended that any interest that existed by virtue of Perez's winning bid at the HOA foreclosure sale was unrecorded at the time the lis pendens was filed in the initial mortgage foreclosure lawsuit, so that such unrecorded interests were discharged by section 48.23, Florida Statutes.

Appellants responded that the lis pendens, final judgment of foreclosure, and certificate of title issued in the initial mortgage foreclosure lawsuit were void ab initio due to Greenwich's failure to name FL Homes LLC as a party in that lawsuit.

At the hearing on appellee's motion for summary judgment, appellee acknowledged that appellants may have an interest in the property because, after the HOA foreclosure sale, Perez took possession of the property, rented it out, and collected rent. Appellee argued that because appellants' interest was unrecorded, under the lis pendens statute,

appellants had thirty days from the date the lis pendens was filed to intervene in the initial mortgage foreclosure action. Appellee contended that appellants' failure to intervene meant that the judicial sale in the initial mortgage foreclosure action "forever discharged" the property from all unrecorded interests and liens under section 48.23(1)(d), Florida Statutes (2017).

Appellants responded that because Greenwich failed to name Florida Homes LLC, an indispensable party, in the initial mortgage foreclosure action, both the lis pendens and final judgment were void.

The trial court ultimately found that the judgment was not "void for failure to name the indispensable party" and granted the summary final judgment of foreclosure.

The trial court entered a written final judgment of reforeclosure, which recognized that FL Homes LLC was the party named in the November 6, 2012 Certificate of Title and was the only defendant who had an interest in the property recorded in the public records. The final judgment granted FL Homes LLC an opportunity to redeem the property and set the redemption amount at $728,789.46.

### *Discussion*

The failure to include FL Homes LLC in the initial mortgage foreclosure action resulted in a void final judgment. FL Homes LLC held title to the property at the time the initial mortgage foreclosure action was filed. "The fee simple title holder is an indispensable party in an action to foreclose a mortgage on property." *Citibank, N.A. v. Villanueva*, 174 So. 3d 612, 613 (Fla. 4th DCA 2015) (citing *Oakland Props. Corp. v. Hogan*, 117 So. 846, 848 (Fla. 1928) (stating that "[o]ne who holds the legal title to mortgaged property is not only necessary, but is an indispensable, party defendant in a suit to foreclose a mortgage.")).

The failure to join FL Homes LLC rendered the entire foreclosure action void, so that the lis pendens filed in the initial foreclosure action cannot have had any legal effect. Under section 48.23, the nullifying impact of the lis pendens statute on unrecorded property interests turns on the prosecution of the lawsuit "to a judicial sale of the property." § 48.23(1)(d), Fla. Stat. (2017). A void final judgment begets a void judicial sale. It was as if the lis pendens were discharged, so that the notice did "not affect the validity of any unrecorded interest or lien." *Id.*

- 4 -

In *English v. Bankers Trust Co. of California, N.A.*, 895 So. 2d 1120 (Fla. 4th DCA 2005), we wrote that the failure to join the fee simple owner in a foreclosure action rendered the foreclosure action void. There, the lender filed a foreclosure action against the original borrower, obtained a final judgment, and purchased the property at the foreclosure sale. *Id.* at 1121. Immediately thereafter, the lender learned that the borrower had conveyed the property to another before the foreclosure action, so it brought a second foreclosure action, naming both the original borrower and the new owner as defendants. *Id.* Summary judgment was entered for the lender. *Id.*

On appeal, the original borrower sought to avoid a deficiency judgment by arguing that res judicata precluded her from being joined in the new action because of the prior action. *Id.* We affirmed the summary judgment, explaining that res judicata did not apply because the original judgment was void:

> The trial court correctly concluded that the first action was void. Significantly, this is not a re-foreclosure to extinguish a junior lienor. Rather, this second action is an initial foreclosure as to the fee simple owner. Because Lesa Investments, the undisputed owner, was not a party to the first suit, the initial foreclosure judgment could not result in a valid sale, as the owner of the fee simple title was an indispensable party.
>
> . . . .
>
> We note that, more than a century ago, the Florida Supreme Court recognized that "a foreclosure proceeding resulting in a final decree and a sale of the mortgaged property, without the holder of the legal title being before the court will have no effect to transfer his title to the purchaser at said sale." **If the foreclosure proceeding has no effect to transfer title because the legal title holder has not been joined, it is simply another way of saying that the foreclosure proceeding is void.**

*Id.* at 1121 (emphasis added) (internal citations omitted); *see also Villanueva*, 174 So. 3d at 613-14.

That the initial foreclosure judgment was void for failure to join an indispensable party distinguishes this case from *Epstein v. Bank of America*, 162 So. 3d 159 (Fla. 4th DCA 2015). There, we rejected a bank's

due process challenge to a final judgment where the bank was not asserting its own constitutional rights, but those of another. *Id.* at 162. We observed that "constitutional rights are personal and may not be asserted vicariously." *Id.* (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973)). This case involves statutory rights under the lis pendens statute, not constitutional rights. Because the impact of the lis pendens upon appellants' property rights depended upon the validity of the initial final judgment, appellants had standing to attack the final judgment as void.

Appellee argues that the final judgment in the initial mortgage foreclosure lawsuit was not void in its entirety and was ineffective only as to FL Homes LLC's interest in the property. However, the cases cited by appellee are distinguishable because in those cases, at least one owner of the property was named in the foreclosure action and was properly foreclosed upon, while another owner was omitted from the action. *See R.W. Holding Corp. v. R.I.W. Waterproofing & Decorating Co., Inc.*, 179 So. 753 (Fla. 1938) (title owners for two of three parcels of land named in foreclosure action, but title owner of third parcel omitted); *Key West Wharf & Coal Co. v. Porter*, 58 So. 599 (Fla. 1912) (mortgagor named in foreclosure action, but not others whom the mortgagor had conveyed portions of the premises to); *Sudhoff v. Fed. Nat'l Mortg. Ass'n*, 942 So. 2d 425 (Fla. 5th DCA 2006) (husband named in foreclosure lawsuit, but not wife). Thus, in cases where there are multiple owners of property, but one or more of the property owners is omitted, "a foreclosure suit may be maintained even though the holder of the legal title to the property is not a party to the foreclosure, but . . . the decree only establishes the rights of persons who are parties." *Pan Am. Bank of Miami v. City of Miami Beach*, 198 So. 2d 45, 47 (Fla. 3d DCA 1967).

Unlike the cases cited by appellee, in this case there was only one record title owner of the property at the time the initial mortgage foreclosure lawsuit was filed—FL Homes LLC. Therefore, consistent with this court's precedent, the failure to name FL Homes LLC in the initial mortgage foreclosure lawsuit rendered the entire foreclosure action void. As the successor in interest to the original mortgage, appellee's interest in the property is superior to that of appellants; our holding is that appellee may not rely on section 48.23 in a summary judgment to obtain a final judgment of foreclosure.

We reverse the summary judgment of foreclosure and remand to the circuit court for further proceedings consistent with this opinion.

WARNER and FORST, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*