DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANCORP, A BANK HOLDING COMPANY,**
a/k/a **U.S. BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE, SUCCESSOR IN INTEREST TO**
**BANK OF AMERICA, NATIONAL ASSOCIATION,**
**AS TRUSTEE, AS SUCCESSOR BY MERGER TO**
**LA SALLE BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE FOR MORGAN STANLEY MORTGAGE**
**LOAN TRUST 2006-8AR, MORTGAGE PASS THROUGH**
**CERTIFICATES, SERIES 2006-8AR,**
Appellant,

v.

**TAHARRA ASSETS 5545, INC.** a Florida corporation,
Appellee.

No. 4D2022-3110

[January 24, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Anne McCarthy, Judge; L.T. Case No. CACE18-013680.

Michael V. Supple, Orlando DeLuca, Joseph G. Paggi III, and Kimberly George of DeLuca Law Group, Fort Lauderdale, for appellant.

Jay M. Levy of Jay M. Levy, P.A., Miami, and Joseph J. Portuondo of Law Offices of Joseph J. Portuondo, Coral Gables, for appellee.

FORST, J.

Appellant U.S. Bancorp ("the Bank") appeals the trial court's final judgment quieting title in favor of appellee Taharra Assets 5545, Inc. ("Taharra"). The Bank argues Taharra acquired title to the property from Jasco Construction Company ("Jasco") after the Bank filed a lis pendens in its foreclosure proceeding against Jasco and, therefore, the Bank has a superior title to the property. Taharra maintains that the Bank's decision to drop Jasco from the foreclosure proceeding means the foreclosure did not affect Taharra's interest in the property. We agree with Taharra and affirm without prejudice to any action which the Bank may have to enforce the mortgage.

## Background

This appeal may be characterized as the end of the third act in a four-act play. In the first act, borrowers Dorman and Laura Henry ("the Henrys") used funds embezzled from Jasco to secure a mortgage from the Bank.[1] After the mortgage was executed, the Bank recorded its mortgage. Upon discovery that the Henrys had acquired property using embezzled funds, Jasco successfully sued the Henrys for constructive trust. As part of this lawsuit, Jasco filed its lis pendens.

In the second act, after the Henrys stopped making monthly mortgage payments, the Bank brought a foreclosure action against the Henrys and Jasco and filed its own lis pendens. After the Bank's lis pendens in the foreclosure proceeding was filed, the trial court in the constructive trust suit determined that Jasco was the property's rightful owner and awarded Jasco title in fee simple. Jasco later quitclaimed title to the property to Taharra. As it now had title to the property, Taharra moved to intervene in the Bank's foreclosure action. The motion was never set for hearing and Taharra never became a party to the foreclosure suit.

After some time, the Bank dropped Jasco from the foreclosure suit, leaving only the Henrys (and some other entities irrelevant to this appeal) as parties to the foreclosure. The Bank then obtained a final judgment of foreclosure and purchased the property at the foreclosure sale. At this point, the Bank moved for a writ of possession against the property. Taharra objected to the writ, but the trial court overruled the objection and entered a final order granting the writ of possession. Taharra then appealed that order to this Court. We ultimately affirmed the grant of the writ of possession via a per curiam affirmance in *Taharra Assets 5545, Inc. v. U.S. Bank National Ass'n*, 350 So. 3d 349 (Fla. 4th DCA 2022).

In this case's third act, while Taharra was disputing the writ of possession, Taharra filed a quiet title action against the Bank. Taharra asserted that the Bank's title to the property was a cloud on Taharra's title. Taharra further argued that because Jasco was a "required" party to the foreclosure, the Bank's decision to drop Jasco from the suit meant the foreclosure did not impact Taharra's claim to title.

Taharra moved for summary judgment, arguing its theory that the foreclosure was a cloud on Taharra's title. The trial court agreed and granted Taharra's motion for summary judgment. The Bank's appeal

---

[1] The mortgage was originally executed by a different institution and the mortgage was eventually transferred to the Bank. All references to the Bank's predecessors-in-interest are omitted.

followed.

## Analysis

The Bank argues the trial court erred in granting Taharra's motion for summary judgment because both Taharra and Jasco were third-party purchasers, i.e., purchasers pendente lite, who took the property subject to the foreclosure.[2]

We review the grant of summary judgment and legal questions in a quiet title action de novo. *See Davis v. Verandah at Lake Grady Homeowners Ass'n, Inc.*, 354 So. 3d 1140, 1143 (Fla. 2d DCA 2023); *Lehmann v. Cocoanut Bayou Ass'n, Inc.*, 269 So. 3d 599, 607 (Fla. 2d DCA 2019). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a).

To prevail on a quiet title action, the plaintiff must show (1) it has legal title to the property and (2) another entity has an invalid claim to the title that (3) is a cloud on the plaintiff's title. *See George Anderson Training & Consulting, Inc. v. Miller Bey Paralegal & Fin., LLC*, 313 So. 3d 214, 218 (Fla. 2d DCA 2021); *Van Loan v. Heather Hills Prop. Owners Ass'n, Inc.*, 216 So. 3d 18, 23–24 (Fla. 2d DCA 2016); *see also* §§ 65.021, .061(2), Fla. Stat. (2018).

The fact that Taharra asserts that its title derives from a quitclaim deed does not affect its standing to bring a quiet title action. *See Bowen v. Specialized Loan Servicing LLC*, 19-cv-2708, 2019 WL 13245285, at *2 (M.D. Fla. Dec. 5, 2019) ("[T]he fact that the title to the subject property may have been obtained by quit claim deed is not relevant to a quiet title action that is seeking to eliminate the improper cloud on the title."); *see also* § 65.061(2), Fla. Stat. (2018) (not mentioning how the owner's title to the property was obtained); *cf. Penabad v. A.G. Gladstone Assocs., Inc.*, 823 So. 2d 146, 147 (Fla. 3d DCA 2002) (dismissing appeal for lack of standing where the appellant had no ownership interest because she executed a quitclaim deed transferring her interests to a third party).[3]

---

[2] We reject without discussion the Bank's arguments asserting (1) Taharra and Jasco had unclean hands; (2) its motion to stay was improperly denied; and (3) the law of the case applies.

[3] We reject the Bank's contention that Taharra was required to show a merger to have standing to bring a quiet title action, because a merger is only one of the ways in which an entity can acquire standing to bring a quiet title suit. *See, e.g.*, *Fielding v. PNC Bank Nat'l Ass'n*, 239 So. 3d 140, 142 (Fla. 5th DCA 2018).

**A. Jasco was the property's owner when the Bank filed its foreclosure proceeding, making Jasco an indispensable party to the foreclosure.**

To determine the nature of Taharra's interest in the property, we start by examining the other interests at issue in this appeal, namely the Bank's mortgage and Jasco's acquisition of title from the constructive trust suit.

The highest priority interest in this case is the Bank's mortgage because the Bank's mortgage was recorded before any lis pendens or lawsuits were filed. *See Tikhomirov v. Bank of N.Y. Mellon*, 223 So. 3d 1112, 1115 (Fla. 3d DCA 2017) ("[B]ecause the mortgage on the property executed by the Borrower was recorded prior to both the HOA's lien and Appellant's purchase of the property, [the bank] had priority over any interest of Appellant.").[4]

Jasco's title to the property deriving from its successful constructive trust suit is second in priority because Jasco's lis pendens was filed after the Bank recorded its mortgage. A lis pendens "notif[ies] prospective purchasers and encumbrances that any interest acquired by them in the property in litigation is subject to the decree of a court." *Oz v. Countrywide Home Loans, Inc.*, 953 So. 2d 619, 620 (Fla. 3d DCA 2007) (quoting *Procacci v. Zacco*, 402 So. 2d 425, 427 (Fla. 4th DCA 1981)). A lis pendens indicates that "[p]ersons acquiring an interest in property that is a subject of litigation are bound by, or entitled to the benefit of, a subsequent judgment." *Petkovich v. Sandy Point Condo. Apartments Ass'n*, 325 So. 3d 201, 203 (Fla. 3d DCA 2021) (alteration in original) (quoting *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 179 (1973)).

Because Jasco's lis pendens predates the Bank's foreclosure proceeding, as a legal fiction, Jasco was the property's owner when the Bank moved for foreclosure. This made Jasco an indispensable party to the foreclosure action. *See Citibank, N.A. v. Villanueva*, 174 So. 3d 612, 613 (Fla. 4th DCA 2015) ("The fee simple title holder is an indispensable party in an action to foreclose a mortgage on property.").

**B. Jasco remained an indispensable party to the foreclosure because Taharra was a third-party purchaser.**

Having determined that Jasco was an indispensable party to the foreclosure, we turn to the critical issue in this appeal: did Jasco remain an indispensable party to the foreclosure after it quitclaimed its interest to Taharra?

---

[4] The parties have not challenged or discussed the validity of the mortgage. Accordingly, we express no opinion on that issue.

Normally, a foreclosure and a subsequent sale will transfer title to the property from the mortgagor to the new purchaser. *See Morris v. MGZ Props., LLC*, 251 So. 3d 929, 931 (Fla. 4th DCA 2018). Under this rule, the legal titleholder at the time of the foreclosure judgment is an indispensable party to the foreclosure. *U.S. Bank Nat'l Ass'n v. Bevans*, 138 So. 3d 1185, 1188 (Fla. 3d DCA 2014).

But when a legal titleholder acquires interest in the property after the lis pendens in the foreclosure proceeding is filed, the legal titleholder is no longer an indispensable party. *See U.S. Bank Nat'l Ass'n v. Quadomain Condo. Ass'n*, 103 So. 3d 977, 979 (Fla. 4th DCA 2012) ("The notice provided by a *lis pendens* is as efficient against a valid transfer or [e]ncumberance of the property described in it as an injunction would be, and that such notice binds all parties to the action together with all purchasers from them and all parties under them subsequently to the filing of the same." (alteration in original; citation and quotation marks omitted)); *De Sousa v. JP Morgan Chase, N.A.*, 170 So. 3d 928, 929–31 (Fla. 4th DCA 2015).

Applying this exception, we determine that Taharra was not an indispensable party because it acquired its interest in the property after the Bank filed its lis pendens in the foreclosure proceeding. This meant that by virtue of the constructive trust judgment and Jasco's lis pendens in that suit, Jasco remained an indispensable party to the foreclosure because it was the fee simple titleholder when the Bank's foreclosure lis pendens was filed, even though Jasco quitclaimed its interest to Taharra during the suit. *See Intermediary Fin. Corp. v. McKay*, 111 So. 531, 532 (Fla. 1927) ("The doctrine of lis pendens is grounded on the theory that the parties to the suit will not be permitted to withdraw or alienate the subject-matter thereof pending litigation.").

Jasco could not defeat its status as an indispensable party to the foreclosure suit by quitclaiming its interest to Taharra, in the same way that Taharra could not become a party to the foreclosure by acquiring an interest in the property after the lis pendens was filed. *See Tr. No. 602W0 Dated 7/16/15, Dema Invs., LLC v. Wells Fargo Bank, N.A.*, 207 So. 3d 977, 978 (Fla. 5th DCA 2016) (explaining that a purchaser pendente lite cannot intervene in a suit); *Market Tampa Invs., LLC v. Stobaugh*, 177 So. 3d 31, 32 & n.1 (Fla. 2d DCA 2015) (concluding that a party who acquired title to a property via quitclaim deed and who purchased its interest during the foreclosure had no standing to appeal final judgment of foreclosure).

## C. The Bank's foreclosure judgment is void, so Taharra could quiet the Bank's invalid claim to title.

Having determined that Jasco was an indispensable party to the suit, we now determine the effect of dropping Jasco from the foreclosure. It is well-settled that a foreclosure proceeding that fails to include the only indispensable party is void. *See FL Homes 1 LLC v. Kokolis Tr. of Toula Kokolis Revocable Tr.*, 271 So. 3d 6, 7 (Fla. 4th DCA 2019) ("[A] foreclosure judgment [is] void for the failure of the plaintiff to join the only record title owner of the property . . . ."); *Bank of Am., N.A. v. Kipps Colony II Condo. Ass'n*, 201 So. 3d 670, 675 (Fla. 2d DCA 2016) ("A void judgment is so defective that it is deemed never to have had legal force and effect." (quoting *Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n*, 968 So. 2d 658, 665 (Fla. 2d DCA 2007))). Thus, although the Bank has a valid mortgage because the mortgage was recorded prior to the constructive trust suit, the Bank dropping Jasco from the foreclosure proceeding rendered the resulting foreclosure judgment void.

Because the foreclosure was void, Jasco could successfully quitclaim its interest to Taharra. Taharra thus has legal title to the property. Because the Bank claimed title through a void foreclosure proceeding, the Bank had a cloud on Taharra's title that can be removed through a quiet title proceeding. *See Protective Holding Corp. v. Cornwall Co.*, 173 So. 804, 811 (Fla. 1936) ("A grantee of land from one having outstanding against her a void judgment may maintain a bill in equity to cancel a void judgment as a cloud upon its title to the land."); *Cornwell v. Williford*, 73 So. 795, 796 (Fla. 1917) (explaining that a plaintiff may attack a deedholder claiming through a void deed via a quiet title action).

## D. The proceedings are not necessarily completed.

As discussed above, the Bank's mortgage was not extinguished by the void foreclosure proceeding. Although Taharra has title to the property, that title is subject to the Bank's mortgage. *See Kokolis*, 271 So. 3d at 10 (holding that a foreclosure resulted in a void judgment for failure to join an indispensable party and noting that a successor to the mortgage still had a superior interest over the indispensable party); *Avelo Mortg., LLC v. Vero Ventures, LLC*, 254 So. 3d 439, 444 (Fla. 4th DCA 2018) (explaining that a valid, enforceable mortgage may not be extinguished by a quiet title action); *2010-3 SFR Venture, LLC v. Garcia*, 149 So. 3d 123, 125 (Fla. 4th DCA 2014) ("Because the bank's mortgage may be enforced through an action alleging a subsequent default, it is a valid lien and does not constitute a cloud on title to support a quiet title claim."); *Whitburn, LLC v. Wells Fargo Bank, N.A.*, 190 So. 3d 1087, 1091 (Fla. 2d DCA 2015) (noting that a bank's mortgage was recorded prior to a claimant's acquisition of property, meaning that the claimant's title was subject to the mortgage). Thus, our opinion is without prejudice to the Bank's right

6

to commence the fourth act—the initiation of an action to enforce the mortgage on the property.[5]

We reject the parties' remaining arguments without discussion.

## Conclusion

For the foregoing reasons, we affirm the trial court's final judgment quieting title in favor of Taharra. Taharra has the same rights to the property that Jasco had, and Taharra's interest was not affected by the foreclosure proceeding because the Bank dropped Jasco from the suit. But the fact that the Bank's foreclosure proceeding was void only means that the Bank's mortgage remains an encumbrance on the property. Because the Bank has a valid mortgage, we affirm the trial court's judgment without prejudice to the Bank's ability to bring an action to enforce its mortgage. We decline to comment on any rights that a third party purchasing from the Bank may or may not have in the property.

*Affirmed.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[5] The parties at oral argument represented that the Bank sold the property to a third-party purchaser before the trial court quieted titled in Taharra's favor. Thus, the "fourth act" may involve multiple scenes.