# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1537
Lower Tribunal No. 22-22487
_____

**DMG Investment Trust, LLC,**
Appellant,

vs.

**Dinorah B. Cepeda,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Atlas | Solomon, PLLC, and Eric M. Levine (Stuart), for appellant.

Arnaldo Vélez, P.A., and Arnaldo Vélez, for appellee.

Before SCALES, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Oakland Props. Corp. v. Hogan, 117 So. 846, 848 (Fla. 1928) ("One who holds the legal title to mortgaged property is not only necessary, but is an indispensable, party defendant in a suit to foreclose a mortgage."); Quinn Plumbing Co. v. New Miami Shores Corp., 129 So. 690, 692 (Fla. 1930) (stating "[t]he right to redeem is an incident to every mortgage" and "cannot be extinguished except by due process of law"); MST Corp. v. Caribe Ins. Agency Corp., 314 So. 3d 432, 433 (Fla. 3d DCA 2020) ("Florida law is well settled that [interested parties] who were not joined in a foreclosure action retain the right of redemption."); Sudhoff v. Fed. Nat'l Mortg. Ass'n, 942 So. 2d 425, 428–29 (Fla. 5th DCA 2006) (finding that the failure to join a necessary party in a foreclosure action improperly deprived that party of her equity of redemption).